## STATE v. RIPPY.

### (October 30, 1900.)

*Rape—Punishment—Sentence—State's Prison—The Code, Sec. 1096.*

> Sentence of a person convicted of rape to 10 years in the State's prison, under Acts 1895, chap. 295, does not conflict with The Code, sec. 1096.

INDICTMENT against Ollie Rippy, heard by Judge *W. A. Hoke* and a jury, at September Term, 1900, of DURHAM Superior Court. From verdict of guilty and judgment thereon, the defendant appealed.

*Zeb. V. Walser,* Attorney-General, for the State.
*Boone, Bryant & Biggs,* for the defendant.

CLARK, J.   The prisoner, indicted for rape, entered a plea of guilty upon the third count, for "unlawfully and carnally knowing and abusing" an innocent female between the ages of ten and fourteen years.   The solicitor, with the sanction of the Court, accepted the plea, and the jury returned a verdict accordingly.   This offense was created by chap. 295, Laws 1895, which provides that it "shall be punished by fine or imprisonment in the State's Prison, at the discretion of the Court."   The sentence is, "Ten years in the State's Prison," which is clearly within the terms of the punishment authorized.   There is nothing to show that this discretion reposed by the statute in the Judge was abused. The only exception in the transcript is that Code, sec. 1096, provides that persons convicted of felonies for which "no specific punishment is prescribed by statute" shall be imprisoned in the county jail or penitentiary not exceeding two years, and be fined, in the discretion of the Court.   But the penalty prescribed by chap. 295, Laws 1895, is specific—fully as much so as that laid down in Code, sec. 1096, and is different in kind.   The former authorizes fine or imprisonment in the penitentiary at the discretion of the Court.   The latter, a fine in the discretion of the Court, and imprisonment in jail or the penitentiary, not exceeding two years, etc.   These sections (1096 and 1097) apply only where an act is prohibited or is made unlawful, without specifying the nature of punishment—as, for instance, Code, sec. 2799, construed in *State* v. *Bloodworth,* 94 N. C., 918.   To like purport, *State v Parker,* 91 N. C., 650; *State v. Addington,* 121 N. C., 538; *State v. Pierce,* 123 N. C., 745.   The quantum of punishment, whenever mentioned in The Code, is either "in the discretion of the Court," or "not exceeding," etc.   It can not be said that all the crimes in The Code, therefore, fall within the scope of secs. 1096 and

1097, because "no specific punishment" is prescribed. The punishment is specific (*i. e.* specified as fine, or imprisonment in jail or in State's Prison), though the extent of the specified punishment is left in the discretion of the Court, or in its discretion not exceeding a limit stated.

No error.