## STATE v. JOE SMITH.

### (Filed 24 October, 1917.)

**1. Constitutional Law—Criminal Law—Unusual Punishments—Statutes.**

Our Constitution, Art. I, sec. 14, restraining, in general terms, the "infliction of cruel and unusual punishments," has been considered by the Supreme Court as an admonition to the judiciary in imposing sentence left to an extent within its discretion by the statutes; and while it has been decidedly intimated that a statute may be declared void for prescribing such punishment for an offense as is "cruel and unusual," the question does not arise as to punishment for assault with a deadly weapon, under our statutes.

**2. Same—Felony.**

Our statute (Revisal, sec. 3292) defines as a felony a crime that may be punished by imprisonment in the penitentiary, and under our Constitution, Art. VI, sec. 2, one so convicted or confesses himself guilty, forfeits his rights to vote, and may only be restored to citizenship, etc., as provided by law. Hence, a sentence to the penitentiary should not be imposed except by express provision of statute.

3. **Criminal Law—Punishment—Statutes—Assaults—Deadly Weapons.**

Our statutes bearing more directly upon the punishment for an assault with a deadly weapon are Revisal, sec. 3293, making offenses punishable as common-law misdemeanors where no specific punishment is prescribed, except in certain instances wherein imprisonment in the county jail may be imposed; and Revisal, sec. 3620, leaving punishment by fine or imprisonment, or both, in the court's discretion, upon a conviction of assault with or without intent to kill or injure; and thereunder no authority is conferred on the trial judge to impose a sentence of imprisonment in the penitentiary upon a conviction of assault with a deadly weapon; and while section 3620 authorizes a punishment for assault with or without intent to kill, by fine or imprisonment, or both, within the court's discretion, the discretion referred to is within the limitation of the sentence by statute and so understood, and to that extent will not be disturbed on appeal, except in case of manifest and gross abuse.

4. **Criminal Law—Punishment—Repealing Statutes.**

The provisions of chapter 167, Laws 1868, secs. 8 and 7, providing punishment for an assault with a deadly weapon or by means likely to kill, by imprisonment in the penitentiary, are repealed by Revisal, sec. 3620.

CRIMINAL ACTION, tried before *Whedbee, J.,* and a jury, at May Term, 1917, of WAYNE.

Defendant was indicted for secret assault, and at the conclusion of the State's evidence, tendered a plea of guilty of assault with a deadly weapon, which plea was accepted by the State.

The evidence tended to show an aggravated assault with a deadly weapon, firing twice with a pistol at the prosecutor, one John W. Howell, and at close range, inflicting a slight wound in the hand.

The court sentenced defendant to four years confinement in the penitentiary, and defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*Langston, Allen & Taylor for defendant.*

HOKE, J. The provision of our Constitution, Art. I, sec. 14, restraining, in general terms, the "infliction of cruel and unusual punishments," has been considered with us more especially as an admonition to the judiciary in the imposition of sentences recognized and established by the law for the punishment of given offenses and to the extent that the same are discretionary with the courts; and while there is decided intimation that in extraordinary and exceptional instances it may be held to affect legislative enactments, there is no such question presented in this record, for the statutes applicable do not come under the condemnation of any such principle, and the question presented must be determined by correct interpretation of the legislation controlling the subject. *S. v.*

*Woodlief,* 172 N. C., 885; *S. v. James Francis,* 157 N. C., 612; *S. v. Manuel,* 20 N. C., 144. And see an interesting case on the general question in *Weems v. United States,* 217 U. S., 349, holding certain provisions of the Philippine Criminal Code void, as contrary to the Philippine Bill of Rights forbidding cruel and unusual punishments.

Considering the case in the aspect suggested, our statute on crimes (Revisal, sec. 3292) defines as a felony a crime that may be punished by imprisonment in the penitentiary. Section 2, Article VI of our Constitution, provides that any one convicted or confessing himself guilty of a crime that can be so punished shall forfeit his right to vote, and shall only be restored to citizenship, etc., as provided by law. A punishment involving consequences of that character should not be imposed but by express provision of law, and we are of opinion that there is now no law in this State which justifies the imposition of such a sentence for four years, or other term, for the offense of which the defendant stands convicted—an assault with a deadly weapon. The sections in our Revisal which may be considered as bearing more directly on the subject are as follows:

"Sec. 3293. All misdemeanors where a specific punishment is not prescribed shall be punished as misdemeanors at common law; but if the offense be infamous or done in secrecy or malice, or with deceit or intent to defraud, the offender shall be punished by imprisonment in the county jail not less than four months nor more than ten years, or be fined."

"Sec. 3620. In all cases of assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: *Provided,* that when no deadly weapon is used and no serious damage is done, the punishment for assaults, assaults and batteries, and affrays, shall not exceed a fine of $50 or imprisonment for thirty days; but this proviso shall not apply to assaults with intent to kill or with intent to commit rape."

Under the ruling in *S. v. Rippy,* 127 N. C., 516, this later section, bearing directly on the case of assaults, with or without intent to kill, making provision for punishment of such offenses, is to be regarded as specific, within the meaning of the statute, and entirely withdraws the case of assault from the operation of section 3293. Both of the sections, however, were considered in *S. v. McNeil,* 75 N. C., 15, and it was directly held that neither provision authorized imprisonment in the penitentiary for the offense of assault and battery. The decision in *McNeil's case* is epitomized in the headnotes as follows:

"Misdemeanors made punishable as at common law, or punishable by fine or imprisonment, or both, can be punished by fine or imprisonment in the county jail, or both. Hence, a general verdict of 'guilty' upon an indictment containing three counts, to-wit, one for an assault with a

STATE *v.* SMITH.

deadly weapon with intent to kill, another for a similar assault with intent to injure, and a third for a common assault and battery, will not, since the act of 1870-'71, chap. 43, justify imprisonment in the penitentiary. Fine and imprisonment at the discretion of the court does not confer the power to imprison in the penitentiary."

While the language of section 3620 authorizes a punishment for assault with or without intent to kill, by fine or imprisonment, or both, in the discretion of the court, it does not at all mean that the judge may change the character of punishment recognized and established by the law for such an offense, but that, within such limits, the extent of the punishment is referred to the discretion of the trial judge, and his sentence may not be interfered with by the appellate court, except in case of manifest and gross abuse. This position is emphasized by the fact that, under the former law (chapter 167, Laws 1868, secs. 8 and 7), an assault with a deadly weapon, or by any means likely to produce death, with intent to kill, could be punished by imprisonment in the penitentiary not exceeding ten years; and, in section 7, an assault with a deadly or dangerous weapon, without intent to kill, but with intent to injure, was so punishable not exceeding five years; and the statute of 1870-'71, chapter 43, now Revisal, sec. 3620, was substituted for these sections and was enacted for the express purpose of repealing them.

In *S. v. Rippy, supra,* a sentence of ten years in the State's Prison was upheld, but in that case there was a statute which expressly authorized imprisonment in the State Prison.

Recurring to the many decisions imposing sentences for misdemeanors, we find none where a sentence of more than two years has been approved. *S. v. Woodlief, supra,* and authorities cited. But there seems to be nothing in these cases which necessarily restricts the lower court to this period, and, with the limitation that he cannot change the character of punishment recognized by law for a given offense, or alter by his sentence the quality of a crime from a misdemeanor to a felony, there is nothing which would prevent a court from making "the punishment fit the crime," where it is unprescribed by the law and within its sound legal discretion.

This will be certified, that the sentence on the prisoner may be set aside and a legal punishment imposed in accordance with law.

Error.