### STATE v. COLEY CAIN, EDDIE COBB, AND LEROY FAISON.

(Filed 22 January, 1936.)

**Criminal Law K d: Burglary C g—Sentence of twenty-five to thirty years imprisonment for violation of C. S., 4236, held within court's discretion.**

A sentence of not less than twenty-five nor more than thirty years in the State's Prison, upon a plea of guilty of possession of weapons and implements for house breaking, in violation of C. S., 4236, is within the discretion of the court conferred by the statute, and is not objectionable as a cruel and unusual punishment within the meaning of Art. I, sec. 14, of the Constitution of North Carolina.

APPEAL by defendant Cain from *Parker, J.,* at September Term, 1935, of WAKE. Affirmed.

The bill of indictment charged the defendants with violation of C. S., 4236, in the following language: "Unlawfully, willfully, and feloniously were found armed with dangerous and offensive weapons, to wit: One sawed-off shotgun, one automatic shotgun, one revolver, three forty-five calibre automatic pistols, together with ammunition for all of said arms; one black jack, together with one butcher knife, crowbars, chisels, pliers, drill punches, screwdrivers, nitro-glycerine and soap; ropes, blankets, wire, gloves, and matches, with a felonious intent upon the part of each one of said defendants feloniously, unlawfully, and willfully to break and enter a dwelling and other buildings, and unlawfully, willfully, and feloniously to commit a felony, to wit: larceny, therein."

The second count in the bill of indictment charged that said defendants "were unlawfully, willfully, and feloniously found having in their possession without lawful excuse the following implements, to wit: One sawed-off shotgun; one automatic shotgun; one revolver, three forty-five calibre automatic pistols, together with ammunition for all of said arms; one blackjack, together with one butcher knife, crowbars, chisels, drill

punches, pliers, screwdrivers, nitro-glycerine and soap, ropes, blankets, gloves, wire, and matches, all of which said implements are implements of house breaking."

Each defendant entered plea of guilty, and from judgment that each of them be committed to State's Prison for the term of not less than twenty-five nor more than thirty years, defendant Coley Cain appealed.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*Chas. U. Harris for defendant Cain.*

DEVIN, J. The only question raised by the appeal is whether a sentence of not less than twenty-five nor more than thirty years for violation of C. S., 4236, is "cruel and unusual punishment" within the meaning of Art. I, sec. 14, of the Constitution of North Carolina.

The decision of this Court in *S. v. Swindell*, 189 N. C., 151, is determinative of this appeal.

Violation of C. S., 4236, is denounced as a felony, and the punishment prescribed is "imprisonment in the State's Prison . . . in the discretion of the court."

In the full and well considered opinion by *Mr. Justice Clarkson* in *S. v. Swindell, supra,* it was held that a sentence of thirty years in that case under a statute (C. S., 4209), prescribing punishment by imprisonment "in the discretion of the court," did not violate the constitutional prohibition against cruel and unusual punishment, citing *S. v. Rippy,* 127 N. C., 517.

So that the sentence imposed by the able and upright judge, being within the limits of the discretion conferred by the statute, cannot be held by us to be improper. The uncontradicted evidence produced in the hearing before the court below tended to show preparation and purpose for unusual and violent lawlessness. It was testified that defendant Cain had been for some time a member of the Proctor gang, had been given a year at Williamston, had pleaded guilty to a robbery at this term; that he had been implicated in numerous cases of breaking and entering, robberies and hold-ups; that there were seven or eight warrants out for him for robberies in Wilson, Red Springs, Raeford, and Greensboro, and for shooting a policeman in Greenville. In the stolen automobile in which the defendants were arrested were found two shotguns loaded with buckshot, four pistols, quantity of ammunition, nitroglycerine, soap, gloves, wire, drill punches, and other tools suitable for burglarious breaking. One of the officers who effected the capture testified that while they were searching the defendants, Cain attempted once

or twice to get his hand on his pistol, and that after they reached the jailer's office Cain threatened his life if he ever got out. "He said if he ever got out and put his foot on the ground I belonged to him. He said I wouldn't always have a guard or an army with me." The defendants offered no evidence.

The judgment of the court below is
Affirmed.