STATE v. HUGH CARTER CREWS.

(Filed 4 January, 1939.)

Automobiles § 31—Sentence for reckless driving held for error in exceeding maximum sentence fixed by the statute.

On his plea of guilty of reckless driving, defendant was sentenced to twelve months in jail to be assigned to work on the public roads. Defendant's exception to the judgment must be sustained, and the case is remanded for sentence in accord with the statute which prescribes a maximum imprisonment of ninety days or a fine, or both. Section 60, ch. 148, Public Laws of 1927, N. C. Code, 2621 (102).

APPEAL by defendant from *Sink, J.,* at September Term, 1938, of FORSYTH. Error and remanded.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Boyer & Julian for defendant, appellant.*

PER CURIAM. The record reads: "The defendant comes into open court and through his counsel waives the finding of the bill of indictment and enters a plea of guilty of reckless driving. Judgment of the court is that the defendant be confined in the common jail of Forsyth County for a term of twelve (12) months and is assigned to work on the public roads of North Carolina under the supervision of the State Highway and Public Works Commission." To the judgment pronounced, the defendant reserved exception and appealed. The exception must be sustained. Section 60, chapter 148, Public Acts 1927 (N. C. Code of 1935 [Michie], sec. 2621 [102]), reads: "Every person con-

victed of reckless driving under section 3 of this act shall be punished by imprisonment in the county or municipal jail for a period of not less than five days nor more than ninety days, or by fine of not less than twenty-five dollars nor more than five hundred dollars, or by both such fine and imprisonment . . ." The sentence of twelve months imprisonment exceeds the maximum limit of ninety days imprisonment fixed by the statute for conviction of reckless driving, of which offense the defendant pleaded guilty.

The case is remanded to the Superior Court of Forsyth County that the sentence passed upon the defendant may be set aside and punishment in accordance with the statute imposed. *S. v. Crowell,* 116 N. C., 1053; *S. v. Smith,* 174 N. C., 804; *S. v. Taylor,* 124 N. C., 803, and cases there cited.

Error and remanded.