STATE OF NORTH CAROLINA v. ROBERT JAMES BLACKMON

(Filed 30 October 1963.)

**Burglary § 9; Criminal Law § 131; Constitutional Law § 36—**

The punishment for possession of the implements of housebreaking is limited to a maximum of ten years imprisonment in the State's prison, since punishment by fine or imprisonment, or both, in the discretion of the court, as prescribed by G.S. 14-55, is not a specific punishment and therefore comes within the purview of G.S. 14-2, and further, it would be an anomalous situation if the punishment for the possession of the implements for housebreaking exceeded the punishment for the actual commission of the crime of housebreaking under G.S. 14-54. Article I, § 14 of the Constitution of North Carolina. *State v. Swindell*, 189 N.C. 151, and *State v. Cain*, 209 N.C. 275, overruled.

PARKER, J., dissenting.

APPEAL by defendant from *McLean, J.*, April Regular Criminal Session 1963 of GASTON.

The defendant entered a plea of guilty to the charges contained in two bills of indictment, (1) alleging the felonious breaking and entering of a building occupied by Goodwill Distributors, where merchandise, chattels, money, and valuable securities were kept, and (2) charging the defendant with the unlawful possession of burglary tools.

Prayer for judgment was continued in both cases until the June Criminal Session 1963, at which session the solicitor prayed for judgment in each case.

On the charge of breaking and entering, Case No. 4866, the defendant was sentenced to not less than eight nor more than ten years in the State's Prison, to be assigned to hard labor.

On the charge of unlawful possession of burglary tools, Case No. 4867, the defendant was sentenced to the State's Prison at hard labor for a period of not less than twenty years nor more than thirty years, this sentence to begin at the expiration of the sentence in Case No. 4866.

The defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. McGalliard, for the State.*

STATE *v.* BLACKMON.

*Hollowell & Stott for defendant appellant.*

DENNY, C. J. The only question presented on this appeal is whether or not a sentence of not less than twenty years nor more than thirty years on a plea of guilty to the charge of unlawful possession of implements of housebreaking, constitutes cruel and unusual punishment within the meaning of Article I, Section 14, of the Constitution of North Carolina.

The appellant does not challenge the validity of the sentence imposed in Case No. 4866. Hence, it is affirmed.

The question posed on this appeal does, however, require a consideration of the sentence imposed in Case No. 4867, in light of several of our former decisions and the provisions of G.S. 14-2 and G.S. 14-3, which limit punishment not to exceed ten years. These statutes read as follows:

"14-2 * * * Every person who shall be convicted of any felony for which no specific punishment is prescribed by statute shall be imprisoned in the county jail or State prison not exceeding two years, or be fined, in the discretion of the court, or if the offense be infamous, the person offending shall be imprisoned in the county jail or State prison not less than four months nor more than ten years, or be fined.

"14-3 * * * All misdemeanors, where a specific punishment is not prescribed shall be punished as misdemeanors at common law; but if the offense be infamous, or done in secrecy and malice, or with deceit and intent to defraud, the offender shall, except where the offense is a conspiracy to commit a misdemeanor, be guilty of a felony and punished by imprisonment in the county jail or State prison for not less than four months nor more than ten years, or shall be fined."

The foregoing statutes, in almost the identical language set forth above, were codified in the Code of North Carolina, 1883, as sections 1096 and 1097. These sections were carried forward in the Revisal of 1905 as sections 3292 and 3293. They appeared in the Consolidated Statutes of 1919 as sections 4172 and 4173.

One who is convicted or pleads guilty to the charge of the unlawful possession of burglary tools or implements of housebreaking "shall be guilty of a felony (according to the provisions of G.S. 14-55) and punished by fine or imprisonment in the State's prison, or both, in the discretion of the court."

In the case of *S. v. Driver*, 78 N.C. 423, decided in 1878, the defendant had pleaded guilty to an indictment charging him with an assault and battery upon his wife. The defendant was sentenced to a term of five years in the county jail, and then to give a bond with

sureties in the sum of $500.00 to keep the peace for five years longer. Justice Reade, in speaking for the Court, said: "We have examined our Rev. Code which was prior to our penitentiary system and to our Constitution of 1868, when imprisonment was altogether in the county jails, and unless we have inadvertently overlooked some crime, there was none the punishment whereof was for so long a time. In many cases the punishment was specified; in others it was not to be less than so and so; in others, not exceeding so and so; and in others, at the discretion of the court; these last being generally *small offenses* where it was *not usual to punish much;* and to cover all cases of felony where the punishment was not specific, there was the following provision: 'Every person who shall hereafter be convicted of any felony for which no specific punishment shall be prescribed by statute, and which is now allowed the benefit of clergy, shall be imprisoned at the discretion of the court, not exceeding two years; or if the offense be infamous, the court may also sentence the convict to receive one or more public whippings, to stand in the pillory, or pay a fine, regard being had to the circumstances of each case.' Rev. Code, ch. 34, sec. 27."

Section 9 of Chapter 167 of the Public Laws of North Carolina, 1868-69, was enacted in lieu of the Revisal Code, Chapter 34, Section 27, and read as follows: "Every crime or offence whatever, heretofore punishable by the laws of North Carolina when the present Constitution went into effect, with public whipping or other corporeal punishment, shall hereafter, in lieu of such corporeal punishment, be punished by imprisonment in the State's prison (or County jail), for not less than four months nor more than ten years."

Justice Reade in the *Driver* case quoted with approval from the decision in which Lord Devonshire was tried by the Court of the King's bench and fined thirty thousand pounds. 11 State Trials, 1354. The case was later considered by the House of Lords, and in its opinion it said: "It is so very evident as not to be made a question whether in those things which are left to the discretion of the judges, that the law has set them bounds and limits, which, as God says to the waves of the sea, 'Hitherto shalt thou go, and no farther.' * * * But if the judge may commit the party to prison till the fine be paid, and withal set so great a fine as is impossible for the party to pay, then it will depend upon the judge's pleasure whether he shall ever have his liberty, and thus every man's liberty is wrested out of the dispose of the law and is stuck under the girdle of the judges." This Court held in the *Driver* case that the court below was without power to sentence the defendant to a term of imprisonment in excess of thirty days.

In *S. v. Rippy* (1900), 127 N.C. 516, 37 S.E. 148, the defendant was indicted for rape and entered a plea of guilty upon the third count in the bill of indictment for "unlawfully and carnally knowing and abusing" an innocent female between the ages of ten and fourteen years. The solicitor, with the sanction of the court, accepted the plea. This offense was created by Chapter 295, Laws of 1895, now codified as G.S. 14-26, which provided that the offense "shall be punished by fine or imprisonment in the State's prison, at the discretion of the court." The sentence imposed was ten years in the State's Prison. Clark, J., later C. J., writing the opinion for the Court, held the sentence imposed was clearly within the punishment authorized. He further held: "There is nothing to show that this discretion reposed by the statute in the Judge was abused." Continuing, the writer of the opinion said: "The only exception in the transcript is that Code, sec. 1096, provides that persons convicted of felonies for which 'no specific punishment is prescribed by statute' shall be imprisoned in the county jail or penitentiary not exceeding two years, and be fined, in the discretion of the court. But the penalty prescribed by chap. 295, Laws 1895, is specific —fully as much so as that laid down in Code, sec. 1096, and is different in kind. The former authorizes fine or imprisonment in the penitentiary at the discretion of the court. The latter, a fine in the discretion of the court, and imprisonment in jail or the penitentiary, not exceeding two years, etc. These sections (1096 and 1097 (now G.S. 14-2 and 14-3) ) apply only where an act is prohibited or is made unlawful, without specifying the nature of the punishment * * *. The quantum of punishment, whenever mentioned in The Code, is either 'in the discretion of the court,' or 'not exceeding,' etc. It can not be said that all the crimes in The Code, therefore, fall within the scope of secs. 1096 and 1097, because 'no specific punishment' is prescribed. The punishment is specific (i.e., specified as fine, or imprisonment in jail or in State's Prison), though the extent of the specified punishment is left in the discretion of the court, or in its discretion not exceeding a limit stated."

The trouble in connection with the question now before us began with the *Rippy* case. The controversy before the Court in that case was whether the two- or the ten-year maximum applied. The Court disposed of the question presented for determination in that case when it held that the ten-year sentence imposed was within the punishment authorized. However, the writer of the opinion continued by way of dictum and said that punishment by fine or imprisonment, or both, in the discretion of the court, is specific, and hence, section 1096 of the Code (now G.S. 14-2) did not apply.

Thereafter, using as sound reasoning the dictum in the *Rippy* case, this Court in *S. v. Swindell* (1925), 189 N.C. 151, 126 S.E. 417, held that G.S. 14-2 had no application in *Swindell's* case because punishment by fine or imprisonment, or both, in the discretion of the court, was specific punishment, and that a sentence of thirty years in the State's Prison, at hard labor, was authorized by C.S. 4209 (now G.S. 14-26), and was not in violation of Article I, Section 14, of the Constitution of North Carolina. In *S. v. Cain,* 209 N.C. 275, 183 S.E. 300, this Court upheld a sentence of not less than 25 nor more than 30 years for violation of the statute under which the present defendant was indicted, on authority of the *Swindell* case.

In the case of *S. v. Dunn,* 208 N.C. 333, 180 S.E. 708, Clarence Dunn, son of the defendant, while using the defendant's car, struck and killed a person, and thereafter the defendant was indicted and convicted as an accessory after the fact for "aiding, assisting, procuring, and counseling the said Clarence Dunn to flee from the scene of said felony," etc. C.S. 4201 (now G.S. 14-18), prior to the enactment of Chapter 249 of the Laws of 1933, read as follows: "If any person shall commit the crime of manslaughter he shall be punished by imprisonment in the county jail or State Prison for not less than four months nor more than twenty years." The following proviso was added to C.S. 4201 on 10 April 1933: "Provided, however, that in cases of involuntary manslaughter the punishment shall be in the discretion of the court, and the defendant may be fined or imprisoned, or both."

The defendant contended on appeal from a sentence to work on the roads for six months, that the proviso added by the Legislature in 1933 was designed to make involuntary manslaughter a misdemeanor instead of a felony, and that, therefore, the Recorder's Court in Richmond County had jurisdiction, and hence, no indictment could lie in the Superior Court. This Court said, speaking through Brogden, J.: "This contention, however, cannot be maintained: * * * (T)he proviso did not purport to create a new crime, to wit, that of involuntary manslaughter. * * * Indeed, the Court is of the opinion, and so holds, that the proviso was intended and designed to mitigate the punishment in cases of involuntary manslaughter and to commit such punishment to the sound discretion of the trial judge."

Even so, if we are to continue the *Swindell* and *Cain* cases as authoritative on the question under consideration, a sentence for involuntary manslaughter can be imposed in excess of that allowed by G.S. 14-18 for manslaughter.

Likewise, G.S. 14-54 provides: "If any person, with intent to commit a felony or other infamous crime therein, shall break or enter

either the dwelling house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, bankinghouse, counting-house or other building where any merchandise, chattel, money, valuable security or other personal property shall be; or any uninhabitated house, he shall be guilty of a felony, and shall be imprisoned in the State's prison or county jail not less than four months nor more than ten years."

Therefore, if the punishment to be imposed in the discretion of the court, as provided in G.S. 14-55, for the possession of the implements of housebreaking, is not limited by the provisions of G.S. 14-2, then we have the anomalous situation of upholding the imposition of a sentence in the State's Prison three times as long as could be legally imposed for the actual commission of the crime of housebreaking under G.S. 14-54. We have come to the conclusion that the Legislature never intended to authorize any such disparity.

Therefore, the cases of *S. v. Swindell, supra,* and *S. v. Cain, supra,* are overruled. Likewise, so much of the opinion in *S. v. Richardson,* 221 N.C. 209, 19 S.E. 2d 863, as holds where there is a provision in a statute to the effect that punishment shall be in the discretion of the court and the defendant may be fined or imprisoned, or both, that this is equivalent to a "specific punishment" within the meaning of G.S. 14-2 and is not controlled thereby, is modified to the extent herein indicated.

The judgment entered in Case No. 4867 in the court below is set aside and this cause is remanded to the Superior Court of Gaston County for sentence in accord with this opinion, within the limits prescribed by G.S. 14-2.

Error and remanded.

PARKER, J. *dissenting.* Even if I concede that what was said by the Court in *S. v. Rippy,* 127 N.C. 516, 37 S.E. 148, quoted in the majority opinion, is *dictum,* yet it became law by reason of the decision of this Court in *S. v. Swindell,* 189 N.C. 151, 126 S.E. 417, which was rendered by a strong and unanimous Court. The opinion in the *Swindell* case was filed on 18 February 1925. On 22 January 1936 the Court filed its opinion in *S. v. Cain,* 209 N.C. 275, 183 S.E. 300, holding that the decision in the *Swindell* case is determinative of this appeal. The decision in the *Cain* case was rendered by a strong and unanimous Court. Of the five judges who decided the *Swindell* case, two were not members of the Court that decided the *Cain* case, but had been replaced by two distinguished judges. On 29 April 1942 the opinion in *S. v. Richardson,* 221 N.C. 209, 19 S.E. 2d 863, was filed,

which states: "Is a provision in a criminal statute 'that the punishment shall be in the discretion of the Court and the defendant may be fined or imprisoned or both,' the prescribing of a 'specific punishment' within the meaning of section 4172 of the Consolidated Statutes of North Carolina? The answer is in the affirmative. *S. v. Rippy*, 127 N.C. 516, 37 S.E. 148; *S. v. Swindell*, 189 N.C. 151, 126 S.E. 417." This decision was rendered by a strong and unanimous Court of seven judges, of which four of the associate justices afterwards became chief justice. Of the seven judges who decided the *Richardson* case, only Chief Justice Stacy participated in the decision in the *Swindell* case. Of the seven judges who decided the *Richardson* case, only Chief Justice Stacy and Justices Schenck and Devin participated in the *Cain* decision. Subsequent to the decision in the *Cain* case, the membership of the Court was increased from five to seven. The decisions in the *Swindell*, *Cain*, and *Richardson* cases were participated in by eleven members of this Court, five of whom have been chief justice and one of whom is the present distinguished chief justice of this Court. In addition, the so-called *dictum* in the *Rippy* case was written by Justice Walter Clark, afterwards for over twenty years chief justice of this Court and one of the most learned legal scholars who ever sat on the bench in this State, and concurred in by a unanimous Court.

The Court held in the *Swindell* case in 1925 and in the *Cain* case in 1936, adopting as law what was said in the *Rippy* case in 1900, and repeating it again in the *Richardson* case in 1942, that a provision in a criminal statute "that the punishment shall be in the discretion of the court and the defendant may be fined or imprisoned or both" is the prescribing of a "specific punishment" within the meaning of what is now G.S. 14-2, and the General Assembly has met in Raleigh and gone many times since and has not seen fit to disagree with our interpretation of the language of the statute.

I do not agree with the following statement in the majority opinion: "Therefore, if the punishment to be imposed in the discretion of the court, as provided in G.S. 14-55, for the possession of the implements of housebreaking, is not limited by the provisions of G.S. 14-2, then we have the anomalous situation of upholding the imposition of a sentence in the State's Prison three times as long as could be legally imposed for the actual commission of the crime of housebreaking under G.S. 14-54. We have come to the conclusion that the Legislature never intended to authorize any such disparity.

"Therefore, the cases of *S. v. Swindell, supra*, and *S. v. Cain, supra*, are overruled. Likewise, so much of the opinion in *S. v. Richardson*, 221 N.C. 209, 19 S.E. 2d 863, as holds where there is a provision in a

statute to the effect that punishment shall be in the discretion of the court and the defendant may be fined or imprisoned, or both, that this is equivalent to a 'specific punishment' within the meaning of G.S. 14-2 and is not controlled thereby, is modified to the extent herein indicated."

G.S. 14-54 is concerned with breaking into or entering houses other than burglariously. G.S. 14-55 is concerned with preparation to commit burglary or other housebreakings. There is a vast difference between burglary and housebreaking, and I am sure the General Assembly realized this when it enacted what is now G.S. 14-55, authorizing more severe punishment than G.S. 14-54. See the drastic punishment prescribed for burglary, as defined in G.S. 14-51, set forth in G.S. 14-52.

I do not agree in the overruling of our former decisions in the *Swindell* and *Cain* cases, and in the modification of the *Richardson* case. There is no assurance but that in the years ahead, when all, or most, of the present members of the Court are gone, a future Court of learned judges will decide that the majority opinion here is erroneous and will overrule it, and hold that the *Swindell* and *Cain* cases, and what is said in the *Rippy* and *Richardson* cases, are correct and sound law. If a change is to be made, in my opinion it should be done by the General Assembly. I vote to affirm the judgment below on the authority of the *Swindell* and *Cain* cases.