### STATE v. DAVID CANUP.

(Filed 14 October, 1964.)

**Criminal Law §§ 139, 173—**

Even though a post-conviction hearing is denied because petition therefor was not filed until more than five years after the trial, the Supreme Court will grant *certiorari* when it appears on the face of the record proper that defendant had been sentenced to imprisonment in excess of the maximum allowed by law for the offense charged, and the Court will vacate the judgment and remand the cause for proper judgment, with credit under such circumstances for time served, including any allowance for good behavior.

On September 23, 1964, the defendant David Canup applied to this Court for writ of *certiorari* to review an order entered by *Judge Bundy* at the August, 1964 criminal session, NEW HANOVER Superior Court, denying a post-conviction review of the defendant's trial held at the May, 1958 Term, New Hanover Superior Court. At the Post-Conviction Hearing the solicitor moved to dismiss the application for review upon the ground the trial was held at the May Term, 1958 and the application was not filed until August, 1964, more than five years after the trial. Judge Bundy allowed the motion to dismiss for the reason assigned.

The defendant's petition for *certiorari* and the Attorney General's answer disclose that the defendant, at the May Term, 1958, entered a plea of *nolo contendere* to a charge of possessing burglary tools. The court imposed a sentence of not less than 15 nor more than 20 years in the State's prison. The ground assigned for the review here is that the original sentence of 15 to 20 years is in excess of the authorized punishment for the offense charged. We grant the writ.

*T. W. Bruton, Attorney General; Theodore C. Brown, Jr., Staff Attorney for the State.*

STATE v. DAWSON.

*No counsel for the petitioner.*

PER CURIAM. The determinative facts alleged in the petition are admitted in the Attorney General's answer. They appear upon the face of the record proper. The judgment of imprisonment for 15 to 20 years was in excess of the maximum permitted by law for the offense charged. *State v. Blackmon,* 260 N.C. 352, 132 S.E. 2d 880. The judgment of imprisonment entered against the defendant at the May Term, 1958 of the Superior Court of New Hanover County is vacated and set aside. The Superior Court will cause the defendant forthwith to be brought before the court for the imposition of a sentence not to exceed a maximum of ten years. The defendant is entitled to credit for the time served, including any allowance for his good behavior.

*Certiorari* allowed.

Sentence vacated.

Case remanded for proper judgment.