STATE v. SPICER HERBERT GRICE.

(Filed 10 November, 1965.)

**1. Criminal Law § 131—**

A statutory penalty of fine or imprisonment in the discretion of the court is not a specific punishment, and therefore in the case of infamous offenses the punishment is limited by G.S. 14-2 to not more than 10 years imprisonment.

**2. Rape § 16.1—**

Punishment for carnal knowledge of a female child over 12 and under 16 years of age by a male person over 18 years of age cannot exceed 10 years imprisonment. G.S. 14-26, G.S. 14-2.

**3. Criminal Law §§ 131, 169—**

Where defendant has been sentenced to a term in excess of that allowed by statute, the cause will be remanded for proper sentence giving defendant credit for the time served under the erroneous sentence.

PETITION for a writ of *certiorari.*

*Attorney General T. W. Bruton and Staff Attorney Philip O. Redwine for the State.*
*Defendant in propria persona.*

PER CURIAM. On 28 September 1965 defendant *in propria persona* filed in this Court a petition for a writ of *certiorari* to review and vacate a judgment of imprisonment for thirty years entered against him at the January 1965 Criminal Session of New Hanover County by Peel, J., and to have the case remanded to the superior court of New Hanover County for a proper judgment.

The petition and the Attorney General's answer thereto show the following facts: At the January 1965 Criminal Session of New Han-

over County superior court, defendant, who was represented by his attorney Wallace C. Murchison, a member of the New Hanover County Bar, entered a plea of guilty to an indictment that charged him, a male person over eighteen years of age, with feloniously carnally knowing and abusing a female child, over twelve and under sixteen years of age, who had never before had sexual intercourse with any person, a felony and a violation of G.S. 14-26. The trial judge sentenced him to serve a sentence in the State's Prison for a term of thirty years.

G.S. 14-26 provides that the penalty for the offense of which defendant pleaded guilty shall be a fine or imprisonment in the discretion of the court, which is not a specific punishment, and consequently the punishment for the offense of which defendant pleaded guilty is limited by the provisions of G.S. 14-2, which reads:

> "Every person who shall be convicted of any felony for which no specific punishment is prescribed by statute shall be imprisoned in the county jail or State prison not exceeding two years, or be fined, in the discretion of the court, or if the offense be infamous, the person offending shall be imprisoned in the county jail or State prison not less than four months nor more than ten years, or be fined."

S. v. Blackmon, 260 N.C. 352, 132 S.E. 2d 880; S. v. Canup, 262 N.C. 606, 138 S.E. 2d 247. S. v. Blackmon overruled S. v. Swindell, 189 N.C. 151, 126 S.E. 417, and S. v. Cain, 209 N.C. 275, 183 S.E. 300, and "so much of the opinion in S. v. Richardson, 221 N.C. 209, 19 S.E. 2d 863, as holds where there is a provision in a statute to the effect that punishment shall be in the discretion of the court and the defendant may be fined or imprisoned, or both, that this is equivalent to a 'specific punishment' within the meaning of G.S. 14-2 and is not controlled thereby, is modified to the extent herein indicated."

The judgment of imprisonment for thirty years imposed upon defendant was in excess of the maximum permitted by law in this jurisdiction for the offense of which he pleaded guilty. The offense of which he pleaded guilty is an infamous offense. The judgment of imprisonment entered against defendant at the January 1965 Criminal Session of New Hanover County superior court is vacated. The case is remanded to the superior court of New Hanover County, which at its next criminal session will cause petitioner forthwith to be brought before it for the imposition of a sentence not to exceed ten years imprisonment, and in imposing sentence the trial judge shall give him credit for the time he has served under the sentence of thirty years, including any allowance for good behavior. S. v. Canup, supra.

*Certiorari* allowed.

Sentence of thirty years vacated.

Case remanded for proper judgment.