STATE v. JACK LANG ADAMS.

(Filed 4 February, 1966.)

**1. Criminal Law § 103—**

The court's election to submit only the question of defendant's guilt of the lesser charge is equivalent to a verdict of not guilty of all other charges included in the bill of indictment.

**2. Homicide § 30;   Criminal Law § 131—**

The 1933 Amendment to G.S. 14-18, providing that punishment for involuntary manslaughter should be in the discretion of the court and that the defendant may be fined or imprisoned, or both, does not provide specific punishment and therefore the punishment is governed by the limits prescribed in G.S. 14-2 and G.S. 14-3, and a sentence of 18 to 20 years is in excess of that permitted by statute.

STATE *v.* ADAMS.

APPEAL by defendant from *McLean, J.,* July, 1965 Session, BUN-COMBE Superior Court.

This criminal prosecution originated by indictment charging that on May 28, 1965, the defendant unlawfully, wilfully, and feloniously did kill and slay Gertrude Parker. The defendant entered a plea of not guilty.

The State's evidence disclosed that Gertrude Parker was killed in an automobile collision on Highway 19-23 between Weaverville and Asheville. She was a passenger in the Mercury being driven by her husband near the city limits of Asheville. The time was 5:10 p.m. The weather was clear. The road was dry. The collision occurred on a sharp curve at a point where the roadsign designated 35 miles per hour as the maximum safe speed. Mr. Parker was driving on his side of the two-lane highway at a speed of 20 miles per hour. The defendant, driving his Buick on the wrong side of the road, collided head-on with the Parker Mercury. Mrs. Parker was killed and Mr. Parker was injured. The defendant's estimated speed was 60 miles per hour. There was evidence that the defendant was under the influence of liquor. He did not offer evidence.

The court instructed the jury that the bill of indictment charged involuntary manslaughter and that the jury should render one of two verdicts: guilty or not guilty. The jury returned a verdict of guilty. The court imposed a prison sentence of not less than 18 nor more than 20 years. The defendant appealed.

*T. W. Bruton, Attorney General, Bernard A. Harrell, Assistant Attorney General for the State.*

*I. C. Crawford for defendant appellant.*

HIGGINS, J. Technically the indictment charged manslaughter. However, the court, by its clear and explicit instructions, limited the jury's consideration to the question of guilt or innocence of involuntary manslaughter. The evidence presented the issue whether the defendant was guilty of culpable negligence in the operation of his automobile on the wrong side of the road, at excessive speed, and while he was under the influence of liquor; and, if so, whether the negligence proximately caused Mrs. Parker's death. The jury returned a verdict of guilty. By limiting the verdict to involuntary manslaughter, the court withdrew voluntary manslaughter from the jury. The court's election to submit only one charge was equivalent to a verdict of not guilty on all other charges included in the bill. *State v. Mundy,* 243 N.C. 149, 90 S.E. 2d 312; *State v. Smith,* 226 N.C. 738, 40 S.E. 2d 363; *State v. Whitley,* 208 N.C. 661, 182 S.E. 338.

During the trial the defendant took numerous exceptions to the admission of evidence and to the court's charge. We have examined the assignments of error based on these exceptions. They fail to disclose error of material substance. In fact, up to and including the verdict, the trial was in accordance with procedural rules. However, after verdict, the court committed error in the imposition of punishment.

Prior to April 10, 1933, the prescribed punishment for manslaughter (G.S. 14-18) was imprisonment for not less than four months nor more than 20 years. Effective on the above date, the General Assembly (by Ch. 249, Public Laws, Session 1933) amended the statute by adding: "Provided, however, that in cases of involuntary manslaughter the punishment shall be in the discretion of the court, and the defendant may be fined or imprisoned, or both." ". . . (T)he proviso was intended and designed to mitigate the punishment in cases of involuntary manslaughter . . ." *State v. Dunn*, 208 N.C. 333, 180 S.E. 708.

This Court, in *State v. Blackmon*, 260 N.C. 352, 132 S.E. 2d 880, held that punishment "in the discretion of the court" is not specific punishment and hence is governed by the limits (10 years for felonies and two years for misdemeanors) prescribed in G.S. 14-2 and 14-3. In so holding, the *Blackmon* decision followed *State v. Driver*, 78 N.C. 423, and overruled *State v. Swindell*, 189 N.C. 151, 126 S.E. 417, and *State v. Cain*, 209 N.C. 275, 183 S.E. 300, both of which were based on the dictum in *State v. Rippy*, 127 N.C. 516, 37 S.E. 148. In *Rippy* the punishment was within the limits of G.S. 14-2. The effect of the decision in *Blackmon* is to hold the maximum provided in G.S. 14-2 and 14-3 places a ceiling on the court's power to punish by imprisonment when a ceiling is not otherwise fixed by law.

For the reasons herein stated, we hold the court was without power to impose a sentence of 18-20 years for involuntary manslaughter. The judgment of imprisonment is set aside. The cause is remanded to the Superior Court of Buncombe County for imposition of a sentence authorized by law. In fixing punishment, the court will give the defendant credit for any time served under the original sentence.

Remanded for Judgment.