**Sam M. JONES, Petitioner,**

v.

**Fred R. ROSS, and the State of North Carolina, Respondents.**

**Civ. A. No. 1872.**

United States District Court
E. D. North Carolina,
Raleigh Division.

July 19, 1966.

Thomas W. Bruton, Atty. Gen., for respondents.

## OPINION AND JUDGMENT

DALTON, District Judge, sitting by designation.

Petitioner has filed this petition for writ of habeas corpus, *in forma pauperis*, pursuant to 28 U.S.C. § 2254. Issues

have been joined by respondent upon the filing of answer and motion to dismiss.

Petitioner is at present incarcerated in the State's Prison in Jackson, North Carolina. He was convicted in 1957 in the Superior Court of Cumberland County of second-degree burglary and larceny; he was sentenced to a period of imprisonment of from fifteen (15) to twenty (20) years on the burglary conviction and of two (2) years on the larceny conviction.

It appears from the record that the petitioner was originally charged in the Superior Court with three counts of first-degree burglary and one count of the misdemeanor of trespass. Two attorneys were appointed to represent the petitioner and as a result of guilty pleas entered by the petitioner through these attorneys, the charges against the petitioner were reduced to one count of second-degree burglary and one of larceny, of which the petitioner was convicted and received the above-mentioned sentences. The petitioner did not appeal. However, in January of 1965, he filed a petition for a writ of habeas corpus with the Superior Court of Cumberland County, alleging illegal detention in that he had been convicted on the basis of a defective warrant and indictment and in that his pleas of guilty had been entered without his knowlege or consent by his counsel, not by him. The Superior Court, noting that the petitioner had already filed one petition for review of the constitutionality of his trial before but then had withdrawn it, denied the petition insofar as it purported to be petition for writ of habeas corpus but ordered a Post-Conviction Hearing as provided for by North Carolina statute.

The hearing was held on June 14, 1965 for the express purpose of ascertaining whether the plea of guilty of the petitioner had been wrongfully entered by his attorneys as he alleged. The petitioner appeared, represented by court-appointed counsel, and the two attorneys who had represented him originally appeared. As a result of this hearing the Superior Court of Cumberland County found:

That the above mentioned attorneys represented the petitioner in a highly professional manner, safeguarding his interests at all times; that these counsel thoroughly and completely investigated the charges against the petitioner; that as a result of their investigation they informed the petitioner of the possible punishment he could receive under each charge and thoroughly explained all legal ramifications surrounding each.

V.

That the petitioner was a man of eleventh grade education and could read and write; that he fully understood and comprehended the entire import of the charges pending against him and the pleas entered in his behalf.

\*     \*     \*     \*     \*

VII.

That the petitioner did intelligently and understandingly waive his right to plead not guilty and he did intelligently and understandingly authorize his court appointed attorneys to enter the pleas of guilty which were so entered; that the petitioner authorized said pleas intelligently, knowingly, wilfully, and freely, voluntarily and without coercion, unlawful influence or inducement.

Accordingly the Superior Court held on June 21, 1965 that none of the petitioner's Constitutional rights had been violated, and his petition was dismissed. A petition to the Supreme Court of North Carolina for a writ of certiorari was denied in September of 1965. Another petition for writ of certiorari to the Supreme Court of North Carolina was denied on May 10, 1966. The petition before this Court was filed on June 7, 1966.

In this action the petitioner still alleges that his conviction was faulty because of a defective warrant and indictment. He was charged with first-degree burglary and larceny in the warrant, and

he was indicted for the same charges. He claims that his conviction was faulty because he was "tried and sentence (sic) by the Court, for Second-degree Burglary." He also says that the "warrant is incomplete and does not state what General Statute was violated. Nor does the Record Proper Concure (sic) with the Legal fact of Judicial Provision, of law demand a proper and legal warrant in all Criminal action."

The petitioner seems to have abandoned his claim that his pleas of guilty were those of counsel and not his. His other assignment of error concerns the length of the sentence he received. He argues that the sentence provided for second-degree burglary in North Carolina is a discretionary one and that under the law of North Carolina a sentence of this type cannot exceed ten years. In his petition he states his complaint as follows:

Petitioner contend (sic) that he was sentence (sic) in violation of N.C. General Statute Article 14 Sec. 14–52, which states 'Anyone so convicted of Burglary in second degree shall suffer imprisonment, in the State's Prison for life, or for a term of years, in the discretion of the Court.'

Petitioner contend (sic) that his sentence was in the discretion of the Court, and the Court did proceed to sentence him, for a term of years, not less than fifteen (15) nor more than twenty (20) years, in violation of N.C. General Statute Article 1, Sec. 14–2— 'Punishment of Felonies'—Every person who shall be convicted of any felony for which no specific Punishment is Prescribed by statute will be imprisoned in the County Jail or state Prison not exceeding two (2) yrs. or be fined, in the discretion of the Court, or if the offense be infamous, the person offending shall be imprisoned in the County Jail or state Prison not less than four (4) mos nor more than ten (10) yrs, or be fined.

Petitioner contend (sic) that since the Court did not impose the life sentence; but, instead, did impose a sentence for a term of years, '15 to 20 yrs' went beyond it's (sic) Jurisdiction by imposing a sentence that exceeds the statutory maximum which is ten years, when said sentence is for a term of years, or in the discretion of the Court, the sentence shall be not less than four (4) mos nor more than ten (10) years.

The Court will deal first with the petitioners contention that his conviction should be set aside because it was based on a defective warrant and indictment.

It does not appear to the Court that the warrant or the indictment is defective as the petitioner claims, and if there is a defect it certainly is not such a one that will support a collateral attack by way of a habeas corpus proceeding.

■ It is not necessary that the warrant or indictment refer to the specific statute upon which a charge is based. State v. Anderson, 259 N.C. 499, 130 S.E.2d 857 (1963). And this Court does not see how the petitioner can seriously claim that his rights were in any way abridged by the fact that he was convicted of second-degree burglary instead of first-degree burglary as charged in the warrant and indictment, when the petitioner himself was the one who had the charge reduced to second-degree burglary by the entry of the plea of guilty. The petitioner was originally charged with three counts of first-degree burglary, any one of which under the law of North Carolina could have earned him the death penalty. By his plea of guilty he succeeded in reducing this to one count of second-degree burglary and one count of larceny, both non-capital offenses. For him now to argue that he was prejudiced by these actions is absurd.

■ The only logical argument he could make as to a variance between the indictment and the conviction would have to relate back to his original allegations that the pleas of guilty were not his own but were in fact those of his counsel, entered without his knowledge or consent. He has not argued this and even if he had this allegation has been

found in a full and fair state hearing to be without merit, and this Court accepts that finding as it is entitled to do under the authority of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■■ Moreover the allegation as to defects in the indictment or warrant may not properly be considered by this Court to begin with. The rule is that such a defect may not be attacked in a habeas corpus proceeding unless it is a defect which would go to the question of the Superior Court's jurisdiction over the petitioner. It has been stated many times that the writ of habeas corpus is not to be used as a substitute for the procedures of appeal, and that is what this Court would be doing if it were to consider the petitioner's claims on this point. There appear to be no defects in the warrant or indictment, and if there is such a defect it is certainly not such a one as would go to the jurisdiction of the Court over the petitioner. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); Underwood v. Bomar, 335 F.2d 783 (6th Cir. 1964); Pruitt v. Skeen, 118 F.Supp. 240 (N.D. W.Va.1953).

■ The petitioner's second contention concerns the length of the sentence given him. This question would also seem to be one not properly before this Court since it involves simply a question of interpretation of state statutes and does not involve any constitutional issue. It is a question of a local nature and not a Federal question. See In re Costello, 262 F.2d 214 (9th Cir. 1958); Ferchaw v. Tinsley, 234 F.Supp. 922 (D.C.Col. 1964).

■ Even if this were not the case, the Court is of the opinion that under the law of North Carolina the sentence of the petitioner was proper. The petitioner is apparently relying on the authority of State v. Blackmon, 260 N.C. 352, 132 S.E.2d 880 (1963) although he cites no case specifically. In that case it was held that the "discretionary" sentence was limited, as the petitioner

claims his should have been, to a maximum of ten years. However the facts in that case, namely the provisions of the statute under which the defendant was found guilty, were different from the instant case. The holding of the North Carolina court in Blackmon was explained in the case of State v. Adams, 266 N.C. 406, 146 S.E.2d 505 (1966).

In *Adams* the defendant had been found guilty of involuntary manslaughter and sentenced to a term of not less than eighteen years nor more than twenty years in prison. The manslaughter statute said * * * "the punishment shall be in the discretion of the court, and the defendant may be fined, or imprisoned, or both." The Court held that the sentence of the defendant was error and explained its decision as follows:

> This Court, in State v. Blackmon * * * held that punishment 'in the discretion of the court' is not specific punishment and hence is governed by the limits (10 years for felonies and 2 years for misdemeanors) prescribed in G.S. §§ 14–2 and 14–3. .
>
> \* \* \* \* \*
>
> The effect of the decision in Blackmon is to hold the maximum provided in G.S. §§ 14–2 and 14–3 places a ceiling on the court's power to punish by imprisonment *when a ceiling is not otherwise fixed by law.* (Emphasis added)

In the instant case there *was* a ceiling fixed by law. It was life imprisonment. The discretionary element of the second-degree burglary penalty was that the judge could impose a lesser penalty than that of the specific maximum allowed of life imprisonment. This was not the case with the statutes in *Blackmon* and *Adams*, where the sentence was said to be discretionary.with no mention at all of a ceiling such as in the burglary statute, which read "* * * *for life,* or for a term of years, in the discretion of the court." (Emphasis added) See also State v. Grice, 265 N.C. 587, 144 S.E.2d 659 (1965) and State v. Alston, 264 N.C. 398, 141 S.E.2d 793 (1965) which both

held that the "discretionary" terms of imprisonment were limited to ten years but which both involved statutes in which there was no ceiling of punishment provided, as in the instant case.

For the reasons expressed herein this Court must deny the petition for writ of habeas corpus, and sustain the motion of the respondent to dismiss.

Wherefore, it is adjudged and ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's motion to dismiss be, and the same is hereby denied.

It is further ordered that the Clerk serve a copy of this opinion and order upon all of the respondents in the case and the petitioner.