STATE OF NORTH CAROLINA v. CLEMENTINE MURRELL

No. 738SC134

(Filed 23 May 1973)

**Homicide § 31— involuntary manslaughter — maximum sentence**
    Involuntary manslaughter is a felony and punishable under G.S.
    14-2 which permits a maximum prison sentence of ten years.

APPEAL by defendant from *Wood, Judge,* 3 October 1972
Criminal Session, LENOIR Superior Court.

The indictment against defendant charged her with the
murder of James Cleveland Taylor on or about 1 August 1972.
Defendant tendered a plea of guilty of involuntary manslaugh-
ter. After due inquiry, the court adjudged that the plea was
freely, understandingly, and voluntarily made, without undue
influence, compulsion or duress, and without promise of leni-
ency, and accepted the plea. From judgment imposing prison
sentence of not less than five nor more than seven years, de-
fendant appealed.

*Attorney General Robert Morgan by Diederich Heidgerd,
Associate Attorney, for the State.*

*Gerrans & Spence by C. E. Gerrans for defendant appellant.*

BRITT, Judge.

The only assignment of error brought forward and argued
in defendant's brief relates to the judgment imposed. Defendant
contends that the maximum prison sentence permissible for in-
voluntary manslaughter is two years and cites *State v. Spencer,*
276 N.C. 535, 173 S.E. 2d 765 (1970). There is no merit in this
contention.

Defendant recognizes the court's holdings in *State v. Dunn,*
208 N.C. 333, 180 S.E. 708 (1935), *State v. Blackmon,* 260 N.C.
352, 132 S.E. 2d 880 (1963) and *State v. Adams,* 266 N.C. 406,
146 S.E. 2d 505 (1966) to the effect that involuntary man-
slaughter is a felony and punishable under G.S. 14-2 which per-
mits a maximum prison sentence of 10 years. However, defend-
ant argues that *State v. Spencer, supra,* overruled those cases.
We reject this argument.

*Spencer* is clearly distinguishable. In that case defendants were charged with wilfully standing upon the traveled portion of a State highway in such a manner as to impede the regular flow of traffic, a violation of G.S. 20-174.1. By virtue of G.S. 20-176 a violation of 20-174.1 is a misdemeanor. In saying that "an offense punishable by fine or imprisonment, or both, in the discretion of the court is a general misdemeanor for which an offender may be imprisoned for two years in the discretion of the court," the court was discussing misdemeanors and not the entire area of criminal law.

Furthermore, in *State v. Stimpson,* 279 N.C. 716, 185 S.E. 2d 168 (1971), in an opinion by Chief Justice Bobbitt decided after *Spencer,* the court restated "that the maximum lawful term of imprisonment for involuntary manslaughter is 10 years."

The judgment appealed from is

Affirmed.

Judges CAMPBELL and MORRIS concur.