Dallas Omar RITCHIE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13828.

Court of Criminal Appeals of Oklahoma.

June 1, 1966.

Earl Truesdell, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Joseph C. Muskrat, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in error, Dallas Omar Ritchie, hereinafter referred to as defendant, was charged by information with driving and operating a motor vehicle while under the influence of intoxicating liquor, second offense. A jury convicted him, and fixed his punishment at two and a half years in the state penitentiary, and a fine of $50.00.

Motion for new trial was duly filed and overruled, and appeal has been perfected to this Court.

Counsel sets out eight assignments of error, but in his brief urges only one specification, No. 6, which is as follows:

"6. Error of the court in permitting the introduction of a motion picture of the defendant taken without first obtaining the consent of the defendant, or advising the defendant that it was being taken."

Counsel for defendant cites in support of his contention the case of Spencer v. State, Okl.Cr., 404 P.2d 46. The Attorney General has filed an answer to the brief of defendant, and therein states:

"The State agrees that the case comes squarely within the purview of Spencer v. State (Okl.Cr.) 404 P.2d 46."

In the Spencer case the Court said:

"Before it can be said that defendant waived his constitutional rights against

self-incrimination, it must be shown that the defendant—of his own volition, freely and voluntarily—posed for the pictures after being advised that the tests were optional; and that films were being taken of his actions; and advised as to his rights against self-incrimination."

The only testimony regarding the taking of the moving pictures of the defendant was that of Roy Goodenough, a police officer. He testified on cross-examination:

"Q Officer, I believe you testified you were the one that took the pictures; is that correct? A I took this one, sir.

Q This picture? A Yes, sir.

Q Did you talk to Dallas Ritchie before you took the picture? A No, sir, I did not.

Q Did you advise him that a picture was going to be made of him? A No, sir, I did not.

Q Then if you didn't talk to him, why, you didn't receive his consent to take a picture, did you? A That's right, I did not.

Q Did anyone talk to him in your presence and hearing? A No, sir, not within my presence."

Counsel for defendant objected to the introduction of the picture, on the ground that it was forcing the defendant to testify against himself without either advising defendant that the pictures were being taken, or asking his consent for the taking of the pictures. The objection was overruled, and the pictures were shown to the jury.

On further cross-examination this witness testified that he was stationed "in the other room" from defendant, that he took the pictures through a regular type window-hole.

This was the only testimony concerning the taking of the motion pictures of the defendant during the alcoholic influence test.

The defendant offered only one witness, one of the men who had been with him in the car at the time he was arrested.

There are other errors in this case, but we do not consider it necessary to discuss them at this time. No doubt they will not occur again, if and when the case is retried.

On the question herein discussed, and on the basis of Spencer v. State, supra, this case is reversed and remanded for a new trial.

NIX, J., concurs.

BUSSEY, Presiding Judge (specially concurring):

I agree with my colleagues that the case must be reversed and remanded, for it does not affirmatively appear that the sobriety tests were freely and voluntarily participated in by the defendant; however, I believe the rule relating to the admissibility of motion pictures taken of a sobriety test should be that which I heretofore have stated in Spencer v. State, supra, that:

"* * * in order to render motion pictures of the 'Alcoholic Influence Test' admissible, it need only be shown that the tests were performed voluntarily by the accused. If they were performed voluntarily and the officer could describe the conduct of the accused in performing the tests, the motion pictures of the same would be admissible irrespective of whether or not the accused knew that they were being taken. And, conversely, if the tests were performed while the accused acted under compulsion and duress, neither the testimony of the officer nor the motion pictures of the tests would be admissible."