Alexander BRADLEY, Jr., Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–14630.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1968.

Alexander Bradley, Jr., pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

### PER CURIAM:

This is an original proceeding in which Alexander Bradley, Jr. seeks a writ of habeas corpus to release him from his imprisonment in the Oklahoma State Penitentiary. The sole ground upon which Petitioner seeks his release is that he was not represented by counsel at his arraignment.

The record in the District Court of Oklahoma County shows that on October 13, 1967, Petitioner in person and represented by the "public defender" entered a plea of not guilty on arraignment in the District Court in Case No. 33596, which charged the crime of receiving stolen property. On the same date an order appointing counsel for Petitioner was filed. On October 19, 1967, Petitioner appeared in person and by counsel, T. Hurley Jordan, and withdrew his not guilty plea in Case No. 33596 and entered a plea of guilty therein and a guilty plea in Case Nos. 33637, 33638, 33639, and 33640, each of which charged the crime of injuring insured property with intent to defraud and obtaining money under false pretenses after former conviction of a felony. On November 14, 1967, Petitioner was sentenced to ten years with five years suspended, sentences to run concurrently, in Case Nos. 33637–33640, and sentenced to five years in Case No. 33596 with sentence suspended and to run concurrently with the above cases.

From a review of the record it is apparent that Petitioner was represented by counsel at his arraignment in District Court. It would appear that Petitioner is now complaining that he was not represented by counsel when he was taken before the Justice of the Peace as required in 22 O.S. 1961, §§ 176, 177, which provides that a defendant when arrested must be taken before a magistrate without unnecessary delay. In the case of Winchester v. State, Okl.Cr., 403 P.2d 257, and Speer v. Page, Okl.Cr., 415 P.2d 176, this Court held:

"* * * that when the Petitioner and his attorney entered a plea to the charge in the District Court, and did not subsequently withdraw said plea or request a preliminary hearing, such conduct amounted to a waiver."

In both the Winchester and Speer cases the sole ground upon which the petitioner sought his release was that he was not represented by counsel at his preliminary hearing. In both cases this court held that the petitioners representation by an attorney in the District Court was sufficient to protect their rights.

Where the record affirmatively showed that an accused was represented by counsel when he entered a plea of guilty at the arraignment in District Court he cannot complain that he was denied the con-

stitutional right of representation by counsel based on the absence of counsel when he was taken before a Justice of the Peace after his arrest without a showing that prejudice resulted thereby.

For the foregoing reasons the petition for writ of habeas corpus is hereby denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.