[Crim. No. 2972.  Second Appellate District, Division Two.—June 9, 1937.]

THE PEOPLE, Respondent, v. ROBERT HAYES, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of manslaughter. This appeal is from the judgment and order denying defendant's motion for a new trial.

The essential facts are these:

During the course of the trial the court permitted a sound motion picture of defendant making a confession to certain police officers to be reproduced before the jury and received as evidence.

■ Defendant relies for reversal of the judgment on the sole proposition that *it was prejudicially erroneous for the trial court to receive as evidence a sound motion picture of defendant making a confession to police officers.*

This proposition is untenable. The law is settled that the confession of a defendant voluntarily made is properly received in evidence. (*People* v. *Ford,* 25 Cal. App. 388, 419 [143 Pac. 1075] ; 8 Cal. Jur. 108, sec. 200.) Hence, there is no merit in defendant's objections that the introduction in evidence of his confession by means of a sound moving picture was error because:

(1) It denied him
    (a) the right to be confronted in the presence of the court by witnesses against him,
    (b) The right to cross-examine the witnesses who testified against him,
    (c) the privileges and immunity secured to him by the Constitution of the state of California.

(2) It was
    (a) unsworn testimony,
    (b) hearsay evidence.

(3) It compelled the defendant to be a witness against himself contrary to the "due process" clause of the Fourteenth Amendment of the Constitution of the United States of America and to the provisions of section .13, article I, of the Constitution of the state of California and of sections 688 and 1323 of the California Penal Code.

(4) It was in violation of the Fourteenth Amendment of the Constitution of the United States of America.

■ Therefore, the single question for our consideration is, should a defendant's voluntary confession be reproduced to the jury through the medium of a sound moving picture?

We are satisfied that it should, and that it stands on the same basis as the presentation in court of a confession through any orthodox mechanical medium, that is, there is a preliminary question to be determined by the trial judge as to whether or not the sound moving picture is an accurate re-

production of that which it is alleged occurred. If after a preliminary examination, the trial judge is satisfied that the sound moving picture reproduces accurately that which has been said and done, and the other requirements relative to the admissibility of a confession are present, i. e., it was freely and voluntarily made without hope of immunity or promise of reward, then, not only should the preliminary foundation and the sound moving picture go to the jury, but, in keeping with the policy of the courts to avail themselves of each and every aid of science for the purpose of ascertaining the truth, such practice is to be commended as of inestimable value to triers of fact in reaching accurate conclusions.

This particular case will illustrate the advantage to be gained by courts' utilizing modern methods of science in ascertaining facts. The objection is frequently heard in criminal trials that a defendant's confession has not been freely and voluntarily made, he testifying that it was induced either by threats or force or under the hope or promise of immunity or reward, which is denied by witnesses on behalf of the People. When a confession is presented by means of a movietone the trial court is enabled to determine more accurately the truth or falsity of such claims and rule accordingly.

The conclusion we have reached finds support in *Commonwealth* v. *Roller*, (1930) 100 Pa. Super. 125. The court in this case held on a similar state of facts that a movietone confession of a defendant was properly received in evidence. See, also, Wigmore on Evidence, volume II, second edition, page 109, wherein that learned author says:

"But where the moving picture is taken *without artificial reconstruction*, i. e., at the time and place of the original event (a possibility not infrequent), it lacks the above element of weakness, and is entitled to be admitted on the same principles as still photographs. The only circumstance then to be considered is that in a few matters, such as speed and direction of human movement, or relative size in the focus, the multiple nature of the films requires special allowances of error to be made; but these allowances are no different in kind from the elements of error inherent under certain conditions in still photographs."

For the foregoing reasons the judgment and order are and each is affirmed.

Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1937.