### STATE v. JAMES EDWARD BROOKS.

(Filed 18 September 1963.)

**1. Homicide §§ 6, 20—**

Evidence favorable to the State tending to show that defendant, as deceased advanced in his direction, picked up a gun and pushed deceased with the gun and with his other hand, and that the gun discharged, inflicting fatal injury, *is held* sufficient to support conviction of defendant of involuntary manslaughter, since any careless and reckless use of a loaded gun which jeopardizes the safety of another is unlawful, and if death results therefrom is an unlawful homicide.

**2. Criminal Law §§ 84, 85—**

A written statement of a witness which is generally consistent with the witness' testimony upon the trial is competent for the purpose of corroboration, and slight variation with the witness' testimony upon the trial merely affects the credibility of the evidence, but the State is not entitled to discredit its own witness by introducing prior contradictory statements under the guise of corroboration, nor entitled to introduce "new" evidence upon the guise of corroboration. In the instant case there was no substantial variance between the signed statement and testimony of the witness upon the trial, and the statement was competent.

**3. Same; Criminal Law § 155—**

If portions of a written statement of a witness are not identical with the testimony of the witness upon the trial and are not, therefore, competent for the purpose of corroboration, it is the duty of defendant to point out the objectionable portions, and objection to the statement *en masse* will not ordinarily be sustained if any part of the statement is competent.

**4. Constitutional Law § 36—**

Sentence within the discretionary limits provided by statute cannot be deemed cruel or unusual punishment in the constitutional sense. G.S. 14-18, Constitution of North Carolina, Art. I, § 14.

APPEAL by defendant from *Fountain, J.,* at the March 1963 Session of BUNCOMBE.

The defendant was tried upon a bill of indictment charging him with the murder of Robert Jones. The State did not seek a conviction of murder in the first degree; the verdict was involuntary manslaughter.

The testimony of Albert Uddyback summarized the evidence for the State:

Defendant and the deceased were friends. Defendant was the larger of the two. Early in the afternoon of January 17, 1963 the two were shooting dice at the home of the defendant in the presence of Albert Uddyback and James Clark. There had been no quarreling whatever. After the conclusion of the game, defendant said to Jones, "What about paying me my $2.00?" Jones replied that he did not have any money and was not going to pay any that day. Defendant was then sitting by the door. He reached over and got a shotgun which was leaning against the wall. No words were spoken by anyone after he picked up the gun. Jones took a couple of steps toward defendant. Defendant, with the gun in his hand, pushed Jones. The gun discharged simultaneously with the push, and Jones fell to the floor. Jones had no weapon. Only the defendant had hold of the gun at the time the shot was fired. Defendant told Clark to call an ambulance and went out the back door taking the gun with him.

The testimony of James Clark was substantially the same as that of Uddyback. Other evidence for the State tended to show that Jones was dead when he arrived at the hospital. The coroner testified to powder burns about two inches in diameter surrounding a one-inch wound in the deceased's abdomen. Sometime later defendant voluntarily reported to the police station upon the advice of his girl friend.

At the trial, defendant testified there was no argument between him and Jones; that Jones told him he did not have any money but neither was angry about the situation. Defendant maintained the shooting was accidental; that he "was showing the fellows this old gun" while explaining that a woman had given it to him for repairing her house. He said he pulled the gun up from behind the couch; that it was necessary to cock it, and it would not shoot unless the hammer was back; that it was hard to break down. Defendant insisted that Jones pushed him and the gun went off as he was trying to break it. He said he had loaded the gun on New Year's Eve.

On rebuttal, Uddyback testified that he recalled no conversation whatever about the gun. Upon defendant's conviction the court imposed a sentence of not less than ten nor more than fifteen years in the State Prison.

*Attorney General Bruton, Assistant Attorney General Richard T. Sanders for the State.*
   *George Pennell and Dailey & Harrell for defendant appellant.*

SHARP J.   The evidence, taken in the light most favorable to the State, was sufficient to support a finding that the defendant was handing the gun in a culpably negligent manner at the time it fired and killed Jones. *State v. Trollinger,* 162 N.C. 618, 77 S.E. 957; *State v. Kluckhohn,* 243 N.C. 306, 90 S.E. 2d 768. Any careless and reckless use of a loaded gun which jeopardizes the safety of another is unlawful, and if death results therefrom it is an unlawful homicide. *State v. Turnage,* 138 N.C. 566, 49 S.E. 913; *State v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564. For the most recent discussion of this rule of law see the opinion of Parker, J. in *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889. Defendant's motion for nonsuit was properly overruled.

Defendant contends that he is entitled to a new trial because the court permitted the State to introduce in evidence, over his objection, the signed statement made by Uddyback to the police on January 17, 1963 for the purpose of corroborating his testimony. He argues that this written statement was not, in fact, corroborative. Pertinent portions of the statement follow:

   "On the afternoon of 17th of January I arrived at 23 Clingman Avenue where Robert Jones, the deceased, and James Brooks were shooting crap. Brooks and Jones got into an argument over $2.00 that Jones was supposed to owe Brooks. Brooks asked for the $2.00 and Jones got up and got his hat and coat off the chair and said that he was not going to pay anyone a damn thing today. At this point Brooks reached behind the couch and came up with a shotgun in one hand. He shoved Jones with both the gun and his other hand, and I jumped up off the couch across the room from Brooks and ran over to Brooks' left near the door when the gun went off. Jones fell on his left side and rolled over.

   "I asked Brooks, 'You didn't shoot him, did you?' and he said, 'I don't know.' That is when I saw the blood on Jones' coat. Brooks told Sonny James Clark to go and call an ambulance, which Clark did.

   "That is when Brooks took the shotgun and left by the back door. I don't know which way he went. Jones was still breathing at this time. I stayed until the ambulance came and took Jones to the hospital."

Defendant's objection and motion to strike were directed to the entire statement.

Although not requested to do so, at the time this statement was admitted, the court instructed the jury that it was offered only for the purpose of corroborating Uddyback if the jury should find that it did corroborate him.

If a prior statement of a witness, offered in corroboration of his testimony at the trial, contains additional evidence going beyond his testimony, the State is not entitled to introduce this "new" evidence under a claim of corroboration. Neither may the State impeach or discredit its own witness by introducing his prior contradictory statements under the guise of corroboration. *State v. Bagley,* 229 N.C. 723, 51 S.E. 2d 298; *State v. Melvin,* 194 N.C. 394, 139 S.E. 762; *State v. Scoggins,* 225 N.C. 71, 33 S.E. 2d 473. However, if the previous statements offered in corroboration are generally consistent with the witness' testimony, slight variations between them will not render the statements inadmissible. Such variations affect only the credibility of the evidence which is always for the jury. *State v. Case,* 253 N.C. 130, 116 S.E. 2d 429; *State v. Walker,* 226 N.C. 458, 38 S.E. 2d 531; *State v. Scoggins, supra.*

We perceive no substantial variance between the signed statement Uddyback gave the police in January and his testimony at the trial in March. No part of the written statement contradicted his testimony at the trial. Portions of it are not identical but, be that as it may, defendant made no motion to strike or exclude any specific part of the statement.

Where portions of a document are competent as corroborating evidence and other parts incompetent, it is the duty of the party objecting to the evidence to point out the objectionable portions. Objections to evidence *en masse* will not ordinarily be sustained if any part is competent. *State v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84; *State v. Wilson,* 176 N.C. 751, 97 S.E. 496; *State v. English,* 164 N.C. 497, 80 S.E. 72; *Gibson v. Whitton,* 239 N.C. 11, 79 S.E. 2d 196; *Grandy v. Walker,* 234 N.C. 734, 68 S.E. 2d 807; *Wilson v. Williams,* 215 N.C. 407, 2 S.E. 2d 19. N. C. Index, Trial, § 15.

We have considered all of defendant's exceptions which have been properly set out in his assignments of error. The judge fairly and clearly submitted the defendant's contention that the shooting was accidental. He charged the jury in accordance with the decisions of this court. *State v. Faust,* 254 N.C. 101, 112, 118 S.E. 2d 769; *State v. Dewitt,* 252 N.C. 457, 114 S.E. 2d 100; *State v. Crisp,* 244 N.C. 407, 414, 94 S.E. 2d 402.

The sentence imposed was within the discretionary limits of G.S. 14-18. *State v. Richardson,* 221 N.C. 209, 19 S.E. 2d 863. As this Court said in *State v. Smith,* 238 N.C. 82, 76 S.E. 2d 363:

> "While the punishment inflicted is substantial, abuse of dis-·cretion has not been shown nor has it ·been made to appear that the judgment pronounced comes within the constitutional inhibition against 'cruel or unusual punishments.' Constitution of N. C., Art. I, Sec. 14; *S. v. Swindell,* 189 N.C. 151, 126 S.E. 417; *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *S. v. Daniels,* 197 N.C. 285, 148 S.E. 244, and cases cited."

In the trial below, we find
No error.