[Crim. No. 4526.   First Dist., Div. Three.   Oct. 19, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER BOWLEY, Defendant and Appellant.

270

Stanley Mosk, Attorney General, Albert W. Harris, Jr., Derald E. Granberg and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant's conviction of violating Penal Code section 288a (oral copulation) was reversed (*People* v. *Bowley,* 59 Cal.2d 855 [31 Cal.Rptr. 471, 382 P.2d 591].) On the second trial, this time to the court sitting without a jury, he was again convicted, and now appeals from the second judgment.

A woman testified that, before a motion picture camera, she engaged in the prohibited act with defendant. Of course, she was an accomplice, and defendant could be convicted only if her testimony were corroborated (Pen. Code, § 1111). The film was exhibited and was the sole corroborative evidence. Defendant was identifiable in the film, which thus was probative evidence in itself. But, the Supreme Court pointed out, the film cannot speak for itself as to its own authenticity. It is probative only if shown to be accurate and to correctly portray what it purports to show. The only authentication at the first trial was the testimony of the accomplice. But the required corroboration must be evidence other than that of the accomplice herself. Thus, the court held, the film authenticated only by her testimony could not serve to corroborate her, and reversal was required.

At the second trial, the prosecution called a police officer assigned to the photography laboratory. He had two

years' schooling and nine years' experience in photography. He had examined the questioned film in detail. He testified that no portion of it had been tampered with or faked in any way, and that it correctly "represents what the camera saw."

Defendant argues that the expert's testimony is an inadequate foundation for corroborative purposes because that witness did not testify "as to the time and place the film was made." If applied here, this would require authentication by one present when the picture was taken. But accuracy of a film may be established "by the aid of expert testimony, . . . although there is no one qualified to authenticate it from personal observation" (59 Cal.2d at p. 862).

The Supreme Court, in outlining the needed foundation for admission of a film, did refer to a need to show when the picture was taken (59 Cal.2d at p. 862). The accomplice's testimony that the film is accurate is corroborated by the expert. Only her statement of its date is uncorroborated. This would be fatal if time of filming were essential to proof of accuracy. That situation is conceivable, but this is not such a case. Nothing to make the time factor crucial is suggested by counsel, who raises no issue of the statute of limitations.

Proof of the corpus delicti need not be corroborated, since corroborative evidence need but "tend to connect the defendant with the commission of the offense" (Pen. Code, § 1111; *People* v. *Buono,* 191 Cal.App.2d 203, 216 [12 Cal. Rptr. 604]; *People* v. *McLaughlin,* 156 Cal.App.2d 291, 297 [319 P.2d 365]). It is not necessary that the accomplice be corroborated as to every fact to which he testified (*People* v. *Trujillo,* 32 Cal.2d 105, 111 [194 P.2d 681]), or that the corroboration "tend to establish the precise facts testified to by the accomplice" (*People* v. *Harper,* 25 Cal.2d 862, 876 [156 P.2d 249]), or that it "show all the elements" of the crime (*People* v. *Gallardo,* 41 Cal.2d 57, 63 [257 P.2d 59]). And conviction of first degree burglary will not be reduced, even though the essential use of a deadly weapon is proven only by uncorroborated testimony of an accomplice (*People* v. *Barclay,* 40 Cal.2d 146, 156 [252 P.2d 321]). Thus even if the statute of limitations were in issue, there would be no need to reverse for failure to corroborate the testimony of the female accomplice which fixed the time of the act well within the three-year period.

Defendant was sentenced to prison, but execution was suspended, and defendant was placed on probation for five

years, on condition that he serve a jail sentence and "stay out of the motion picture business" during the period of probation. He argues that the latter condition is void. But on the record this condition appears reasonable and it is within the jurisdiction of the court (*People* v. *Caruso*, 174 Cal.App.2d 624, 647 [345 P.2d 282]).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied November 5, 1964, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1964. Mosk, J., did not participate therein.