STATE OF NORTH CAROLINA v. MERRELL COX.

(Filed 29 November, 1967.)

**1. Crime Against Nature § 2—**

Evidence in this case *held* sufficient to be submitted to the jury on the issue of defendant's guilt of the offense of crime against nature with his stepson.

**2. Criminal Law § 89—**

Discrepancy in minor details between testimony of the prosecuting witness and testimony offered in corroboration thereof does not warrant a new trial.

**3. Criminal Law § 169—**

In this prosecution for crime against nature with his stepson, evidence elicited from defendant on cross-examination that he had been fined in a trespass case brought by his wife and ordered to stay out of the county, *held* not prejudicial in view of the fact that defendant's counsel, in failing to renew objection and moving to strike, apparently considered the disclosure helpful as showing a continuing effort, including the instant case, by the wife to get rid of the defendant.

ON *certiorari* to review judgment entered by *Bickett, J.* after trial and verdict of guilty returned by the jury at the November, 1964 Criminal Session, HOKE Superior Court.

The indictment contained two counts. The first charged that Merrell Cox, on August 17, 1964 and dates prior thereto, did unlawfully and feloniously commit the abominable and detestable crime against nature with one William Arthur Wright, age 12, in violation of G.S. 14-177. The second count charged the defendant Merrell Cox, on the same date and dates prior thereto, with intent to commit an unnatural sex act, did unlawfully and wilfully take improper and indecent liberties with William Arthur Wright, age 12 years, in violation of G.S. 14-202.1, etc.

The State's principal witness was William Arthur Wright, age 12, who testified his stepfather, the defendant, began in Florida when he was 7 years old to take indecent liberties with him, and on August 17, 1964 had an unnatural sex act with him. Further details, as testified, are omitted.

The Sheriff testified William Arthur Wright, in the presence of his mother, complained about the defendant's conduct, giving details. The Sheriff's evidence was offered to corroborate the boy's testimony. The defendant objected to the evidence, as going beyond corroboration. The Court instructed the jury to consider the Sheriff's testimony as corroborative, if it did in fact corroborate, which was for the jury to determine.

The defendant testified in his own behalf, denying *in toto* the

story told by his stepson. He testified about his having corrected William on a few occasions and one time struck him on the leg with a hammer handle. He called as a witness a neighbor who had known him for many years, who testified to his good character. The State, in rebuttal, called the Chief of Police of Raeford, who testified that for the past 6 years the defendant's character is bad. The jury returned a verdict of guilty. The Court imposed a prison sentence of 8 to 10 years. The defendant excepted and appealed.

*Thomas Wade Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*

*W. Ritchie Smith, Jr., for defendant appellant.*

PER CURIAM. The defendant insists a verdict of not guilty should have been entered at the close of the evidence, or if the Court should hold the evidence sufficient to go to the jury, then he contends he is entitled to a new trial because of errors by the Court: (1) in allowing Sheriff Barrington to go beyond the bounds of proper corroboration; and (2) by permitting the Solicitor to elicit from the defendant the fact he had been fined, and ordered to stay out of the County.

The evidence on the part of the state made out a case for the jury. We do not care to recite the details. The jury heard the stories of State's witnesses and the defendant's denial. The jury believed the State's evidence. The Sheriff's testimony in corroboration was substantially the same as the boy's evidence before the Court and jury. While there was some deviation in language, in essence there was harmony. There was consistency throughout as to the acts described by the witness to the jury and as told to the Sheriff and repeated by him to the jury. Discrepancy in minor details does not warrant a new trial. *State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354.

The defendant's final objection grows out of the Solicitor's question and the defendant's answer during cross-examination. "Q. Now, in the trespassing case, . . . in which you were tried and convicted on January 17, 1961, in which you were ordered to stay out of the County — (objection by defendant) — for a period of two years and pay the cost . . . is that correct? A. Yes, sir. That is when I financed an ice cream business up there and had it all paid for and they had no more use for me, just like now, and pushed me out." (The boy's mother was the complainant in the trespass case.) There was objection before the question was completed and before the answer was in. The Court, however, failed to rule on the objection.

There was no motion to strike and no further objection. Apparently counsel was willing for the question and answer to stay in since defendant stated that the wife was a prosecutor in a trespass case and that banishment was an effort to get rid of him. Banishment is unlawful. Evidence of it was incompetent unless it fitted into a planned effort on the part of the boy's mother to rid herself of the defendant. In that light, defense counsel appears to have been satisfied not to press the objection after the question was completed and the answer was in. He likewise could have moved to strike, but failed to do so. Counsel may well have considered the disclosure helpful as tending to show an effort to get rid of the defendant and that this present case is a continuation of that effort. Prejudice is not shown.

No error.