ROGER DALE CHAPMAN, PETITIONER v. STATE OF NORTH CAROLINA, RESPONDENT

AND

STATE OF NORTH CAROLINA v. ROGER DALE CHAPMAN

No. 6927SC138

(Filed 30 April 1969)

**1. Constitutional Law § 32; Criminal Law § 21— preliminary hearing — right to counsel**

Defendant's constitutional rights were not violated by failure of the court to appoint counsel to represent him at his preliminary hearing, the preliminary hearing not being a critical stage of the proceeding where defendant was not required to plead to the charges against him, defendant made no statement and did not testify at the hearing, defendant was allowed to cross-examine the State's witnesses, and no record of anything said or done at the hearing was offered at defendant's trial.

**2. Burglary and Unlawful Breakings § 5; Safecracking— sufficiency of evidence**

In this prosecution for breaking and entering and safecracking, defendant's motion for nonsuit is properly denied where the State's evidence tends to show that a movie theater was broken and entered, that a safe therein was broken open and the money taken, that the combination dial was partially knocked off and the safe had been prized or ripped, that defendant's fingerprints were found on the safe, and that defendant went toward the vicinity of the breakin on the night in question and returned two hours later with approximately $200.

**3. Criminal Law § 60— fingerprints — G.S. 114-119**

G.S. 114-119 does not require the State to establish that fingerprints taken by the arresting officer were authorized by the sheriff or chief of police in order to render such fingerprints admissible on trial.

**4. Safecracking— instructions**

In this prosecution for safecracking, the case was submitted to the jury under a clear explanation of the applicable principles of law when the charge is considered as a whole.

APPEAL by defendant from *Snepp, J.,* 9 September 1968 Session, LINCOLN Superior Court.

Defendant was charged in a bill of indictment with the felony of breaking and entering, and with the felony of safecracking.

Prior to trial, defendant filed a petition in the Superior Court alleging that his constitutional right to counsel had been denied him at his preliminary hearing, and praying that all charges against him be dismissed because of this. The petition was heard by Judge Snepp before defendant was placed upon trial. After hearing defendant's evidence and argument of counsel, Judge Snepp entered an order

dismissing the petition. Defendant excepted to the entry of this order, and entered a plea of not guilty to the charges of breaking and entering, and safecracking.

From verdicts of guilty, and judgments entered thereon; and from the dismissal of his pretrial petition, defendant appeals.

*Robert Morgan, Attorney General, by James F. Bullock, Deputy Attorney General, for the State.*

*Randall & Clark, by Charles D. Randall, for the defendant.*

BROCK, J.

Defendant was represented upon his pretrial petition, upon his trial, and upon this appeal by court-appointed counsel, and Lincoln County will pay the costs of the record.

Defendant's appeal from the dismissal of his pretrial petition:

[1] Defendant's primary argument is that a preliminary hearing is a critical stage of the proceedings, and that he was entitled to counsel at that time. It seems that *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740, should have laid to rest any argument upon this point. While it may be true that the facts in *Gasque* are different from the facts of this case, the principles are the same. In this case defendant was arrested on 18 July 1968 and was advised at the time of his arrest that he was entitled to counsel. He told the arresting officer that he did not want appointed counsel, that he would get his own. Nevertheless he made no effort to contact an attorney until the morning of 20 July 1968. Upon his request on the 20th he was taken from his cell to the lobby of the jail in order to allow him to use the telephone. He talked with one attorney on the telephone, and unsuccessfully called to talk with another. The preliminary hearing was held during the afternoon of 20 July 1968, and defendant now complains that it should not have been held until 22 July 1968. When defendant was taken to the preliminary hearing before a justice of the peace, he again asked to call an attorney, and one of the officers called the attorney requested by defendant. For reasons not disclosed by the record neither of the attorneys appeared.

Defendant was not required to plead to the charges, he made no statement, and did not testify. He was allowed to cross-examine the State's witnesses. No record of anything done or said at the preliminary hearing was offered upon defendant's trial. The only prejudice urged by the defendant to have resulted from his failure to have

counsel is that there is a "possibility that a witness for the State may have received some information from the defendant having to conduct the cross-examination of the witnesses without the aid of counsel."

Upon the principles and reasoning clearly set forth in *Gasque v. State, supra,* the order denying and dismissing defendant's pretrial petition is affirmed.

Defendant's appeal from the verdicts and judgments entered thereon:

[2]     The State's evidence tended to show the following: During the night of 17 June 1968 the building used by Century Theater, a motion picture theater in the town of Lincolnton, was broken into, the manager's private office was broken into, and the safe containing approximately two hundred dollars was broken open, and the money taken. The combination dial had been partially knocked off, and "the safe had been prized or ripped." Latent fingerprints were taken from the safe and forwarded to the Identification Laboratory of the State Bureau of Investigation and were found to match fingerprints of defendant already on file, and also were found to match fingerprints of the defendant taken later at the time of his arrest. The State's evidence further tended to show that on the night in question (17 June 1968) defendant came to Lincolnton with his girl friend about 11:15 p.m. That they parked behind the hospital and defendant went "uptown," leaving his girl friend in the car. Defendant returned in about two hours with approximately two hundred dollars, and they went back to Newton to their motel. Defendant was an escapee from the North Carolina Department of Correction, and was driving a stolen automobile.

Defendant assigns as error the denial of his motion for judgment of nonsuit. Although circumstantial to some degree, we hold the evidence was sufficient to require submission of the case to the jury. This assignment of error is overruled.

[3]     Defendant assigns as error the trial judge's action in overruling his objection to the admission into evidence of the ink impressions of defendant's fingerprints which were taken by the arresting officer at the time of defendant's arrest. Defendant asserts that G.S. 114-19 prohibits the use of these fingerprints unless the chief of police or sheriff took them, or authorized them to be taken. He argues that there has been no showing that the chief of police or sheriff authorized the arresting officer to take the ink impressions.

G.S. 114-19, which was enacted in 1965, has its origin in G.S.

148-79, which was originally enacted in 1925 and which was repealed in 1965 upon enactment of G.S. 114-19. As can be seen from the reading of Article 7 of G.S., Chap. 148 (G.S. 148-74 through 148-81), and from a reading of Article 4 of G.S., Chap. 114 (G.S. 114-12 through 114-19), the old and the new sections are concerned primarily with compiling records and statistics at one central point. There is nothing about the old or the new section which would lend itself to an interpretation that a new rule of evidence is thereby created.

No constitutional question is involved or argued here by the defendant, and no question is raised as to whether the ink impressions were properly identified as those of defendant taken by the arresting officer. We hold that G.S. 114-19 does not prohibit the use in evidence on trial of the prints of defendant taken by the arresting officer, even though there is no factual evidence to establish that such fingerprinting was authorized by the sheriff or chief of police. This assignment of error is overruled.

[4]　Defendant next assigns as error a portion of the judge's charge to the jury. When taken out of context, the sentence assigned as error by defendant is an incomplete instruction; but when added to the sentence immediately preceding it, the explanation of the offense is full and clear. Certainly defendant cannot expect the trial judge to say everything in one sentence. The charge must be read as a whole, and when so done it is clear that the case was submitted to the jury under a clear explanation of the applicable principles of law. This assignment of error is overruled.

We hold that defendant has had a fair trial, free from prejudicial error.

No error.

CAMPBELL and MORRIS, JJ., concur.