STATE OF NORTH CAROLINA v. BOYD STRICKLAND

No. 6921SC310

(Filed 23 July 1969)

**1. Criminal Law § 43—  photographs and motion pictures of misdemeanants — G.S. 114-19**

G.S. 114-19 does not prohibit the taking and use in evidence by the State of photographs or motion pictures of a defendant charged with a misdemeanor.

**2. Constitutional Law § 33;  Criminal Law §§ 43, 64;  Automobiles § 126—  self-incrimination — motion pictures of defendant**

In a prosecution for operating a motor vehicle upon the public highways while under the influence of intoxicating liquor, defendant's constitutional right against self-incrimination is not violated by the admission of photographs or motion pictures of defendant for the restricted purpose of illustrating competent and relevant testimony of a police officer concerning his observation of defendant during the time he was being photographed.

**3. Constitutional Law § 33;  Criminal Law § 43—  self-incrimination — sound motion pictures of defendant**

Talking motion pictures of an accused in a criminal action are not *per se* testimonial in nature, and where they are properly used to illustrate competent and relevant testimony of a witness, their use does not violate an accused's privilege against self-incrimination.

**4. Automobiles § 126;  Criminal Law §§ 43, 64—  intoxication of defendant — sound motion pictures for illustrative purposes**

Testimony describing an accused's actions as observed by the witness is competent upon the question of the extent of accused's intoxication, and sound motion pictures may be used for the limited purpose of illustrating the testimony of the witness, but if the motion pictures contain additional

STATE v. STRICKLAND

evidence going beyond the testimony of the witness, the State is not entitled to introduce this new evidence under a claim of illustrating the testimony of a witness.

**5. Criminal Law § 43—— sound motion pictures for illustrative purposes —— slight variations**

If sound motion pictures are generally illustrative of the witness' testimony, slight variations between the sound motion pictures and the testimony will not render the pictures inadmissible, such variations affecting only the credibility of the evidence, which is for the jury.

**6. Criminal Law §§ 43, 95—— objection to motion pictures competent in part —— duty to point out objectionable portion**

Where portions of a sound motion picture are competent to illustrate the testimony of a witness and other parts are incompetent for this purpose, it is the duty of the objecting party to point out to the court the objectionable portions, and objection to the motion picture *en masse* will not ordinarily be sustained if any part thereof is competent.

**7. Criminal Law §§ 43, 95; Automobiles § 126—— general objection to motion picture —— failure to point out objectionable portions**

In this prosecution for operating a motor vehicle on the public highways while under the influence of intoxicating liquor, the trial court properly overruled defendant's general objection to the admission of sound motion pictures for the purpose of illustrating the testimony of a police officer as to defendant's intoxicated condition, where defendant failed to point out to the court any portions of the motion pictures to which he objected and they were generally illustrative of the description of defendant given by the officer.

**8. Constitutional Law § 32; Criminal Law §§ 43, 66—— sound motion pictures for illustrative purposes —— U. S. v. Wade**

Decision of *United States v. Wade,* 388 U.S. 218, relating to police lineup procedures, has no application to the admission of sound motion pictures for the purpose of illustrating the testimony of a police officer as to defendant's intoxicated condition where there is no question of identification of the accused in the motion pictures.

APPEAL by defendant from *Seay, J.,* 3 March 1969 Session, FORSYTH Superior Court.

Defendant was charged with the offense of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor. From a verdict of guilty and from judgment entered thereon, defendant appealed.

*Robert Morgan, Attorney General, by Roy A. Giles, Jr., Real Property Attorney, for the State.*

*White, Crumpler & Pfefferkorn, by William G. Pfefferkorn, for the defendant.*

BROCK, J.

After defendant was placed under arrest, he was requested by the officer to perform certain tests to demonstrate whether there was appreciable impairment of his physical faculties. The officer stated that he gave defendant "the finger-to-nose test," and the officer testified that "he completely missed with both hands." The officer next placed several coins on the floor and requested the defendant to pick them up. The officer testified that "he fumbled with them." Thereafter the officer gave defendant "the balance, the walking test." The officer testified that defendant's speech was rambling and mumbled, and that when he was walking, he was stumbling. During the time the arresting officer was observing defendant, another officer took sound motion pictures of the defendant. After the arresting officer had completed his testimony and had stated his opinion that the defendant had consumed a sufficient quantity of alcoholic beverage to appreciably impair his mental and physical faculties, these sound motion pictures were projected onto a screen for viewing by the jury. The use of these sound motion pictures was over defendant's objection and constitutes his sole perfected assignment of error.

[1]    Defendant contends that a motion picture is only a series of single pictures and should be treated as a photograph; and, therefore, he contends that the second sentence of G.S. 114-19 prohibits the use of photographs of persons accused of a misdemeanor, as was defendant in this case. G.S. 114-19 reads as follows:

> "Taking fingerprints and photographs of suspects and convicts; criminal statistics. — Every chief of police and sheriff in the State of North Carolina is hereby authorized to take, or cause to be taken, the fingerprints and photographs of any person charged with the commission of a felony and of any person who has been committed to jail or prison upon conviction of a crime. No officer shall take the photograph of a person arrested and charged with a misdemeanor, unless such person is a fugitive from justice or unless such person shall, at the time of arrest, have in his possession property or goods reasonably believed by such officer to have been stolen, or unless the officer has reasonable grounds to believe that such person is wanted by the Federal Bureau of Investigation, the State Bureau of Investigation or some other law enforcement officer or agent.

> "Any fingerprints or photographs taken pursuant to this section may be forwarded by the chief of police or sheriff to the Director of the State Bureau of Investigation.

> "It shall be the duty of the State Bureau of Investigation to

receive and collect police information, to assist in locating, identifying, and keeping records of criminals in this State, and from other states, and to compare, classify, compile, publish, make available and disseminate any and all such information to the sheriffs, constables, police authorities, courts or any other officials of the State requiring such criminal identification, crime statistics and other information respecting crimes local and national, and to conduct surveys and studies for the purpose of determining so far as is possible the source of any criminal conspiracy, crime wave, movement or cooperative action on the part of the criminals, reporting such conditions, and to cooperate with all officials in detecting and preventing."

In *State v. Chapman*, 4 N.C. App. 438, 166 S.E. 2d 873, this Court considered the statute now relied on by defendant. In *Chapman* we said:

"G.S. 114-19, which was enacted in 1965, has its origin in G.S. 148-79, which was originally enacted in 1925 and which was repealed in 1965 upon enactment of G.S. 114-19. As can be seen from the reading of Article 7 of G.S., Chap. 148 (G.S. 148-74 through 148-81), and from a reading of Article 4 of G.S., Chap. 114 (G.S. 114-12 through 114-19), the old and the new sections are concerned primarily with compiling records and statistics at one central point."

It is clear that the Legislature did not consider it advisable to have photographs taken and filed of every person accused of committing a misdemeanor. The volume of such photographs would overtax the office of the State Bureau of Investigation, and a file of them would be of little or no value to law enforcement; that is the reason for the prohibitory wording of the statute. The Legislature did not intend to tie the hands of law enforcement officers in gathering evidence for prosecution of persons accused of a misdemeanor.

We reiterate what we said in *Chapman*. "There is nothing about the old or the new section which would lend itself to an interpretation that a new rule of evidence is thereby created." We hold that G.S. 114-19 has no application to the taking and use in evidence by the State of photographs or motion pictures of a defendant charged with a misdemeanor. The use of motion pictures is permissible, provided that the rules of evidence applicable to the use of photographs are followed, and provided that no constitutional right of the defendant is infringed upon.

[2] Defendant next contends that the rule of evidence which prevails in this State is that photographs may not be admitted as sub-

stantive evidence; and he reasons therefrom that photographs or motion pictures of a defendant are of a testimonial or communicative nature and therefore should be excluded because they violate his constitutional privilege against self-incrimination. Defendant concedes that under the ruling of *Schmerber v. California,* 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966), and the ruling of *Branch v. State,* 269 N.C. 642, 153 S.E. 2d 343, an accused can be compelled to become the source of real or physical evidence without violating his privilege against self-incrimination; but, since photographs or motion pictures are testimonial or communicative, the constitution forbids their use. With this appraisal we do not agree.

The rule of evidence in this State does not change the character of the photographs from *physical* to *testimonial* merely because they cannot be offered as substantive evidence. The nature of the photographs or motion pictures would be *physical* or *testimonial* depending upon whether they record physical or testimonial conduct of the accused, and upon whether the testimony they are offered to illustrate concerns physical or testimonial conduct of the accused. Clearly the officer could properly testify concerning his observation of the accused during the time he was being photographed; he could describe accused's looks, manner of speaking, and manner of walking as those things might bear upon accused's intoxication at the time of observation. There is no violation of the constitutional privilege against self-incrimination in allowing the photographs or motion pictures of the accused for the restricted purpose of illustrating competent and relevant testimony of the officer, provided they do fairly illustrate his testimony.

**[3]** Defendant further urges that because the photographs in question were sound motion pictures and defendant's voice was recorded and played to the jury while the pictures were projected for their view, this makes them testimonial in nature and therefore violative of his privilege against self-incrimination. "The distinction which has emerged, often expressed in different ways, is that the privilege [against self-incrimination] is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." *Schmerber v. California, supra.*

In support of his argument that these motion pictures should not have been allowed in evidence, even to illustrate the testimony of the officer, defendant cites cases from the State of Oklahoma. At least two of these cases, *Ritchie v. State,* Okla. Cr., 415 P. 2d 176, and *Spencer v. State,* Okla. Cr., 404 P. 2d 46, are squarely in point,

and support defendant's position. Nevertheless, it appears that Oklahoma has taken an indefensible position which can find no support from other State or Federal Courts.

Although not squarely in point with the case *sub judice,* we think the better and prevailing view of allowing motion pictures is shown by the following cases where they were held properly admitted: Motion pictures of coordination tests of defendant charged with driving intoxicated, *Lanford v. People,* 159 Colo. 36, 409 P. 2d 829, and *Housewright v. State,* 154 Tex. Crim. 101, 225 S.W. 2d 417; motion pictures of the act where defendant was charged with oral copulation, *People v. Bowley,* 230 Cal. App. 2d 269, 40 Cal. Rptr. 859; sound motion pictures of defendant making a confession, *Commonwealth v. Roller,* 100 Pa. Super. 125; and *People v. Hayes,* 21 Cal. App. 2d 320, 71 P. 2d 321; motion pictures of defendant in company with public official whom he was charged with attempting to bribe, *Jones v. State,* 151 Tex. Crim. 519, 209 S.W. 2d 613; motion pictures of defendant testifying before Senate subcommittee in prosecution of defendant for perjury before the subcommittee, *United States v. Moran,* 194 F. 2d 623, cert. denied 343 U.S. 965, 72 S. Ct. 1058, 96 L. Ed. 1362; motion picture of defendant re-enacting the crime, *Grant v. State,* Fla., 171 So. 2d 361.

The admission of motion pictures in evidence in civil actions, when properly authenticated and relevant, is now well established. Annot., 62 A.L.R. 2d 686 (1958). For a discussion of the development of the use of motion pictures in evidence, see, The Celluloid Witness, 37 Univ. of Colo. Law Rev. 235 (1965).

[3-5] Talking motion pictures of an accused in a criminal action are not *per se* testimonial in nature, and, where they are properly used to illustrate competent and relevant testimony of a witness, their use does not violate accused's privilege against self-incrimination. A witness's testimony describing an accused's actions as observed by the witness is competent and relevant upon the question of the extent of his intoxication, and sound motion pictures may be used for the limited purpose of illustrating the testimony of the witness. If the illustrative evidence (sound motion pictures) contains additional evidence going beyond the testimony of the witness, the State is not entitled to introduce this "new" evidence under a claim of illustrating the testimony of a witness. However, if the sound motion pictures are generally illustrative of the witness's testimony, slight variations between the sound motion pictures and the testimony will not render the pictures inadmissible. Such variations affect only the credibility of the evidence, which is always for the jury. See *State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354.

**[6]** Where portions of sound motion pictures are competent as illustrating the testimony of a witness and other parts are incompetent for this purpose, it is the duty of the party objecting to the evidence to point out to the trial judge the objectionable portions. Objections to evidence *en masse* will not ordinarily be sustained if any part thereof is competent. See *State v. Brooks, supra.*

**[7]** In this case, counsel for the defendant made a general objection as follows: "Your Honor, I object to the movie, and I would like to be heard, if necessary, in the absence of the jury on it." The court took a recess, indicating that the argument on the objection would be heard in chambers. After the recess, the trial judge overruled the objection and instructed the jury that they were to consider the motion pictures, which were going to be shown, solely for the purpose of illustrating the testimony of the witness and they were not to be considered as substantive evidence, and thereafter the sound motion pictures were projected before the jury. Then there appears in the record the following: "Objection overruled and defendant in apt time excepts. EXCEPTION No. 1." It does not appear anywhere in the record that counsel pointed out to the trial court any particular portions of the sound motion pictures to which he objected. The motion pictures were generally illustrative of the description given by the officer of the defendant, and therefore the general objection was properly overruled.

**[8]** Defendant further argues that the sound motion pictures should be rejected on the authority of *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967). *Wade* was concerned with the conduct of a lineup for the purpose of having the accused identified as the participant in a crime. There is no question of identification of the accused in these motion pictures; he had already been identified and placed under arrest. The principles enunciated in *Wade* have no application here.

In the trial we find no prejudicial error.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.