STATE OF NORTH CAROLINA v. ARCHIE PARKER

No. 7315SC458

(Filed 11 July 1973)

**1. Criminal Law § 66— observation of defendant at crime scene — in-court identification of defendant proper**        .

> Where a witness's identification of defendant was based on her observation of defendant when he looked at her in the face at the crime scene, the in-court identification of defendant was of independent origin and not connected with any photographic exhibition or tainted by illegal procedures.

**2. Criminal Law § 90— State's witness — questioning by solicitor**

> The court may allow the solicitor to cross-examine either a hostile or an unwilling witness to refresh the witness's recollection and enable him to testify correctly and for this purpose the solicitor may call the attention of the witness to statements made by him on other occasions.

**3. Criminal Law § 89— prior statement by witness — admissibility for corroboration**        .

> The trial court did not err in admitting for the purpose of corroboration a statement made by a witness to a deputy sheriff prior to trial as to what occurred at the time of the murder under consideration, particularly where the deputy's statement and the witness's testimony were generally consistent.

APPEAL by defendant from *Cooper, Judge,* 11 December 1972 Session of Superior Court held in ORANGE County.

This defendant is the Archie Parker referred to in *State v. Alphonzo Clark, ante.* 621. As stated in that opinion, written by Judge Britt, Parker was tried with Clark for the murder of Donnie Riddle. Parker was convicted of voluntary manslaughter and judgment was entered imposing a prison sentence of twenty years. The evidence as summarized in the opinion in *Clark* will not be repeated here. Facts not set out in *Clark* and necessary for an understanding of our decision in this case will be set out in the opinion.

*Attorney General Robert Morgan by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Midgette, Page & Moore by Joseph I. Moore, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant argues that the court erred in allowing, after objection and *voir dire,* the in-court identification of defendant by one Ida Chambers, a girl who had been talking with Riddle, the deceased, just before he was fatally stabbed. The witness testified that after Riddle returned to the scene with a "BB" gun, he was jumped and beaten by two people, ". . . then one of them took out a knife and stabbed [Riddle] and then looked me in the face and that's how I can identify him. The one who looked up at my face is Archie Parker." After making appropriate findings of fact, all of which are supported by the evidence, the court concluded that this in-court identification of defendant was of independent origin and not connected with any photographic exhibition or tainted by illegal procedures. The record supports the judge's conclusions. The photographic identification procedures used were not impermissibly suggestive and the witness's identification of defendant is shown by clear and convincing evidence to be of independent origin. This assignment of error is overruled.

[2] Other assignments of error arise out of the testimony of Richard Crocker, driver of the car in which defendant, Clark and others rode to the school on the day of the killing. The State called Crocker to testify. Defendant contends the State was allowed to impeach the witness by cross-examination and by allowing another witness, a deputy sheriff, to testify as to an earlier statement made by Crocker. The court may allow the solicitor to cross-examine either a hostile or an unwilling witness to refresh the witness's recollection and enable him to testify correctly and for this purpose the solicitor may call the attention of the witness to statements made by him on other occasions. *State v. Anderson,* 283 N.C. 218, 195 S.E. 2d 561. The trial judge did not abuse his discretion in this case.

[3] We also hold that there was no prejudicial error in allowing the deputy sheriff to testify as to earlier statements by Crocker. The solicitor asked the deputy if, when he talked with Crocker on 2 February 1973, Crocker gave him a statement as to what occurred at the time of the killing. Defendant objected to the question. The court, without request, instructed the jury that the testimony was for the purpose of corroborating Crocker if the jury should find that it did corroborate. The court then overruled defendant's objection. The deputy, without further objection, testified as to what Crocker had told him, apparently

reading from a written statement signed by Crocker. Defendant did not object to or move to strike any part of the deputy's testimony as to the statement. It was not error for the court to overrule defendant's objection to the solicitor's question because the question was proper. If defendant was of the opinion that any part of the statement constituted the introduction of new evidence or that it was a contradictory statement disguised as corroborative evidence it was his duty to object to that part. *State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354. We have, nevertheless, compared the deputy's statement with Crocker's testimony and find that the two are generally consistent. The slight variations do not render the statement inadmissible but only affect credibility, which is always for the jury. *State v. Brooks, supra.*

This defendant, as did defendant Clark, assigns error because of admission of evidence of the attack on Billy Goodwin. For the reasons stated in *Clark,* this assignment of error is overruled.

Defendant assigns error to the admission, over objection, of testimony which related a statement he had made prior to trial. The court's finding and conclusion after *voir dire* are supported by the record and need not be set out here. The court did not err in admitting the testimony.

Defendant's other assignments of error have been considered and are overruled. We find no prejudicial error in defendant's trial.

No error.

Judges BRITT and HEDRICK concur.