State v. Perry

STATE OF NORTH CAROLINA v. WILLIE PERRY AND JAMES PERRY

No. 7320SC644

(Filed 19 September 1973)

Criminal Law §§ 89, 162— statement admitted for corroboration — general objection — portions competent for corroboration

Although an accomplice's written statement which was admitted for. the purpose of corroboration contained additional evidence going beyond the testimony of the accomplice, defendants' objection to the statement *en masse* was properly overruled where portions of the statement were competent as corroborating evidence and defendants failed to point out those portions of the statement which did not corroborate the witness.

APPEAL by defendants from *McConnell, Judge,* 19 February 1973 Criminal Session, UNION Superior Court.

By indictment proper in form, defendants Willie Perry and James Perry, together with one David Patterson, were charged with the armed robbery of Adam Thompson on 5 December 1972, taking from Thompson the sum of $387.00. Defendants Perry were tried together, pleaded not guilty, and Patterson was called as witness for the State.

A jury found defendants guilty as charged and from judgments imposing prison sentences of 20-25 years as to defendant Willie Perry and 15-20 years as to defendant James Perry, defendants appealed.

*Attorney General Robert Morgan by Robert G. Webb, Assistant Attorney General, for the State.*

*Joseph P. McCollum, Jr., for appellant James Perry.*

*Griffin & Humphries by James E. Griffin and Charles D. Humphries for appellant Willie Perry.*

BRITT, Judge.

By their first assignment of error, defendants contend the court erred in admitting for purpose of corroboration a written statement made by State's witness Patterson shortly after he was arrested, arguing that portions of the statement did not corroborate, but, in fact, contradicted the witness.

Where the credibility of a witness has been put in issue by cross-examination, testimony of prior consistent statements made by the witness are competent for the purpose of corroboration. *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869 (1965); *State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354 (1963). Slight variance between the prior statements and the witness' testimony does not render the corroborating evidence incompetent, but merely goes to its weight, it being for the jury to determine whether the testimony does in fact corroborate the witness. 2 Strong, N.C. Index 2d, Criminal Law, § 89, p. 615.

While the statement introduced in the case at bar was corroborative in several respects, the statement contained portions detrimental to defendants not covered by the witness' testimony. In *State v. Brooks, supra,* p. 189, Justice Sharp, writing for the court, said:

"If a prior statement of a witness, offered in corroboration of his testimony at the trial, contains additional evidence going beyond his testimony, the State is not entitled to introduce this 'new' evidence under a claim of corroboration. Neither may the State impeach or discredit its own witness by introducing his prior contradictory statements under the guise of corroboration. (Citations.)

\* \* \* \*

"Where portions of a document are competent as corroborating evidence and other parts incompetent, it is the duty of the party objecting to the evidence to point out the objectionable portions. Objections to evidence *en masse* will not ordinarily be sustained if any part is competent. (Citations.)"

The record discloses that defendants did not point out those portions of the statement which did not corroborate the witness but objected to the statement *en masse.* The assignment of error is overruled.

The remaining assignments of error brought forward and argued in defendants' brief pertain to the court's charge to the jury. We have carefully reviewed the charge, with particular reference to the portions excepted to, but conclude that when the charge is considered in its entirety it complies with the statute and is free from prejudicial error. G.S. 1-180; *State v. Moore,* 197 N.C. 196, 148 S.E. 29 (1929).

In the trial of this cause, we find

No error.

Chief Judge BROCK and Judge BALEY concur.