## STATE OF NORTH CAROLINA v. CHARLES HOUSTON

### No. 7322SC565

### (Filed 10 October 1973)

**1. Criminal Law §§ 87, 167— change of counsel on voir dire examination — technical error — no prejudice to defendant**

It is within the discretion of the trial court to permit a change of counsel if a lengthy examination is imminent; however, even if the present case did not fall within the purview of that rule and the trial court erred in allowing the solicitor to conduct a *voir dire* examination in lieu of the assistant solicitor who had begun the examination of the witness, the error was technical and defendant failed to show that he was prejudiced thereby.

**2. Criminal Law § 66— photographic identification of defendant — in-court identification of defendant not tainted**

In a prosecution for attempted armed robbery and felonious breaking or entering with intent to commit a felony, the trial court did not err in concluding that a witness's in-court identification of defendant was based upon her opportunity to observe defendant in daylight for five minutes at the time of the break-in and was not tainted by an out-of-court photographic identification which took place on the same day.

**3. Criminal Law § 89— prior statements — admissibility for corroboration — failure to specify objectionable portions**

Where prior statements made by two witnesses were introduced for the purpose of corroboration, portions of the statements did in fact corroborate the testimony but other portions did not, and defendant objected to both statements in their entirety without specifying the objectionable portions, the trial court properly admitted the entire pretrial statements into evidence.

**4. Burglary and Unlawful Breakings § 5— breaking or entering with intent to commit a felony — necessity of showing a breaking**

Since G.S. 14-54(a) provides that any person who breaks *or* enters any building with intent to commit any felony or larceny is guilty of a felony, it is not necessary that the State show a breaking to support a conviction of breaking or entering; therefore, evidence that defendant entered his victim's trailer, dragged her to the bathroom, bound her and threatened to kill her if she screamed, while his two accomplices searched the premises was sufficient to withstand defendant's motion for nonsuit on the breaking or entering charge.

APPEAL from *Rousseau, Judge,* 5 February 1973 Session of IREDELL County Superior Court.

Defendant Charles Houston was charged in a bill of indictment with attempted armed robbery, felonious breaking and entering with intent to commit a felony and felonious possession

of burglary tools.   Defendant, through his court appointed counsel, pled not guilty to all three charges, and was convicted by the jury of felonious breaking or entering with intent to commit a felony, the charge of felonious possession of burglary tools having been dismissed at the close of the State's evidence.

At the trial, Mrs. Creola Johnson testified that on 28 June 1972 she was living alone in a house trailer in the Scotts community in Iredell County.   When she opened her door that morning, she was confronted by a young black male who grabbed her, threw her to the floor and entered the trailer.   The young man thereupon dragged Mrs. Johnson into the bathroom, bound her with cord and threatened to kill her if she screamed.

Defendant's attorney objected to the assistant solicitor's question whether Mrs. Johnson saw her assailant in the courtroom.   He also objected to the solicitor's being permitted to conduct the subsequent voir dire examination in lieu of the assistant solicitor who had begun the examination of the witness.   Both objections were overruled.

Following the voir dire to determine admissibility of the in-court identification, the court made the following findings of fact:

"1.   That on June 28, 1972, about eleven a.m. Mrs. Johnson was in her trailer in Scotts community of Iredell County.

2.   That she went to her door and a man pushed his way into the house; that it was day-time.

3.   That this person remained in her house approximately five minutes.

4.   That he pulled her from the front door to the bathroom, during which time they were face to face.

5.   That on that same date Officer Tate showed her five pictures, all of which portrayed black males — two light colored, two dark colored, and one medium colored.

6.   That Mrs. Johnson picked the picture of the defendant Houston in just a few minutes; that Mrs. Johnson had never seen the defendant before June 28, 1972.

7.   That on Sept. 14, 1972, at the preliminary hearing in District Court of Iredell County the defendant Houston

was present along with David Campbell who had pleaded guilty to this offense and is not now on trial.

8. That at said time Mrs. Johnson identified him, David Campbell, as the Negro male who came into her house on June 28.

9. That Mrs. Johnson told Officer Tate that a light-skinned Negro male came to her door.

10. That Officer Tate did not recall showing the pictures to the witness, Mrs. Johnson, after June 28, 1972.

11. That David Campbell and the defendant Houston are both of the same build, have similar hair styles, and similar skin tones, as of Sept. 14, 1972."

The court thereupon concluded:

"1. That the witness, Mrs. Johnson, had ample opportunity to observe the intruder in her house on June 28; that it was daylight and she was face to face with him approximately five minutes.

2. That on said date she picked out a picture of the defendant from a group of five, and that her in-court identification of the defendant is not tainted by reason of the photographs or by her misidentification on Sept. 14, 1972."

Mrs. Johnson was allowed to testify that defendant was the man who entered her trailer on the date in question.

David Campbell and Michael Feimster appeared as witnesses for the State and both testified that on 27 June 1972, the two of them met with defendant and discussed "pulling a job" to get some money from Mrs. Johnson's house. Campbell testified that he and Houston drove to some woods near Mrs. Johnson's house. When they approached the house on foot, Houston told Campbell he was going to the front door, but Campbell did not see him enter.

Over objection of counsel for defendant, Deputy Sheriff Tate was allowed to read into evidence statements he had taken from Campbell and Feimster on an unspecified date prior to trial.

Campbell's statement was to the effect that Campbell, Houston and Feimster began discussing the robbery on 27 June. On 28 June the three of them drove to the woods near Mrs.

Johnson's trailer. They approached the house, all three entered, Houston threatened Mrs. Johnson, and Campbell and Feimster searched the premises. All three then ran from the house.

Feimster's statement was to the effect that all three entered the trailer, and Feimster searched for a safe. They found no money and left the house.

*Attorney General Morgan, by Assistant Attorney General Boylan, for the State.*

*Pope, McMillan and Bender, by Harold J. Bender, for defendant appellant.*

MORRIS, Judge.

[1] Rule 11 of the General Rules of Practice for the Superior and District Courts states that "[w]hen several counsel are employed by the same party the examination or cross-examination of each witness for such party shall be conducted by one counsel, but the counsel may change with each successive witness or, with leave of the court in a prolonged examination." This rule clearly leaves it to the discretion of the trial court to permit a change of counsel if a lengthy examination is imminent. Assuming the circumstances of the present case did not bring it within the purview of the rule, appellant has failed to show that he was prejudiced by the court's overruling his objection. It has been stated by this Court that

> "[m]ere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right. Whether technical error is prejudicial is to be determined upon the basis of whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." *State v. Garnett,* 4 N.C. App. 367, 373, 167 S.E. 2d 63 (1969), quoting 3 Strong, N.C. Index 2d, Criminal Law, § 167.

[2] It is further appellant's contention that the trial court erred in its conclusions of law that Mrs. Johnson's in-court identification of defendant was based upon her opportunity to observe defendant at the date of the break-in and was not tainted by an out-of-court photographic identification. We do not agree.

A conviction based upon in-court identification following a pretrial photographic identification will be set aside only if the photographic identification procedure is so suggestive as to give rise to a substantial likelihood of irreparable misidentification. *Simmons v. U.S.*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968); *State v. McPherson*, 276 N.C. 482, 172 S.E. 2d 50 (1970); *State v. Neal and Davis*, 19 N.C. App. 426, 199 S.E. 2d 143. Appellant's contention that the court failed to find as a fact or conclude as a matter of law that the in-court identification was based on the independent memory of the witness is without merit. The conclusions that the witness had ample opportunity to observe defendant and that the in-court identification was not tainted by the photographic identification is tantamount to a conclusion that the identification was based upon her independent memory.

[3] Appellant also urges that the trial court erred in admitting into evidence the pretrial statement made by the witnesses Campbell and Feimster to Deputy Tate. It is his position that these statements — offered to corroborate the testimony of Campbell and Feimster — are inadmissible in that portions are contradictory to the testimony of the witnesses. This contention cannot be sustained, for portions of the statements do in fact corroborate testimony of Campbell and Feimster, and the objections of appellant did not specify the objectionable portions.

In *State v. Brooks*, 260 N.C. 186, 132 S.E. 2d 354 (1963), appellant sought a new trial on the grounds that a written statement introduced as corroboration of the testimony of a State's witness was not a "prior consistent statement." In affirming the manslaughter conviction the Court said:

"If a prior statement of a witness, offered in corroboration of his testimony at the trial, contains additional evidence going beyond his testimony, the State is not entitled to introduce this 'new' evidence under a claim of corroboration. . . . (Citations omitted.) However, if the previous statements offered in corroboration are generally consistent with the witness' testimony, slight variations between them will not render the statements inadmissible. Such variations affect only the credibility of the evidence which is always for the jury." (Citations omitted.) *Id.* at 189.

The prior statements proffered in *Brooks* were not contradictory to the testimony they were introduced to corroborate, but portions were not identical. Defendant did not specify the

portions of the prior statement objectionable to him. The Court held that:

> "Where portions of a document are competent as corroborating evidence and other parts incompetent, it is the duty of the party objecting to the evidence to point out the objectionable portions. Objections to evidence *en masse* will not ordinarily be sustained if any part is competent." (Citations omitted.) *Id.*

In accord is *State v. Strickland,* 276 N.C. 253, 173 S.E. 2d 129 (1970). See also 7 Strong, N.C. Index 2d, Trial, § 15.

In the case *sub judice,* portions of the testimony of Campbell and Feimster are corroborated by portions of their prior statements. Although other portions of the prior statements offer additional matter and vary the testimony somewhat, defendant's objection was to both statements in their entirety. Thus the prior statements fall within the rule of *State v. Brooks, supra,* and their admission was proper.

[4] Appellant's final assignment of error is to the denial of his motion of nonsuit as to the charges of attempted armed robbery and felonious breaking and entering with intent to commit a felony. There was no prejudice with respect to the attempted armed robbery since defendant was acquitted on that charge. With respect to the breaking and entering charge, there was sufficient evidence to withstand motion for nonsuit. Appellant's contention that there is no evidence that defendant broke *and* entered Mrs. Johnson's house is not well taken, for G.S. 14-54(a) provides that "Any person who breaks *or* enters any building with intent to commit any felony or larceny is guilty of a felony and is punishable under G.S. 14-2." (Emphasis added.) Mrs. Johnson testified that defendant entered her trailer. It is not necessary that the State show a breaking to support a conviction of breaking or entering. *State v. Vines,* 262 N.C. 747, 138 S.E. 2d 630 (1964).

The necessary felonious intent may be found from the actions of defendant once he was within the trailer, i.e., tying up Mrs. Johnson and threatening her. "The intent with which defendant broke and entered, or entered, may be found by the jury from what he did within the building." *State v. Bronson,* 10 N.C. App. 638, 640, 179 S.E. 2d 823 (1971).

No error.

Judges CAMPBELL and PARKER concur.