State v. Holton

STATE OF NORTH CAROLINA v. FRED McCOTTER HOLTON

No. 743SC275

(Filed 5 June 1974)

1. **Automobiles § 126; Criminal Law § 64— drunken driving — coordination tests — advising of right to refuse — qualifications of administering officer**

    An officer's testimony as to the results of physical performance tests given at the police station to a defendant charged with drunken driving was not rendered inadmissible by the fact defendant was not advised that he had a right to refuse the tests or by the fact that no foundation was laid as to the qualifications of the officer to administer the coordination tests.

2. **Automobiles § 126; Criminal Law § 88— drunken driving — question about "beer joint"**

    In a prosecution for drunken driving, defendant was not prejudiced when the solicitor asked him on cross-examination whether the Oasis Club, to which defendant had been prior to his arrest, was a "beer joint."

APPEAL from *Cowper, Judge,* 5 November 1973 Session of CRAVEN County Superior Court. Argued in the Court of Appeals 9 April 1974.

The defendant was convicted in District Court of driving while under the influence of intoxicants. He appealed to Superior Court where a trial de novo was held. From a verdict of guilty and an active sentence pronounced thereon, the defendant appealed to this court.

Officer W. R. Mumford, Jr., testified that he saw the defendant operating his motor vehicle on a public road in New Bern at about 4:10 a.m. on 23 August 1973. The automobile was moving erratically and weaving across the road. The officer stopped the vehicle and observed the defendant. He testified that the defendant's speech was slurred, that he had an odor of alcohol about him, that he had difficulty producing his license and that he had difficulty getting out of the car. The officer formed the opinion that the defendant was under the influence of intoxicating beverages and placed him under arrest. He was advised of his constitutional rights and taken to the police station where a breathalyzer test was administered. Other coordination tests were given to the defendant at the police station and he performed them in an unsatisfactory fashion. The breathalyzer test showed the defendant's blood alcohol level to be .17

percent. The defendant told the arresting officer that he had been drinking beer at the Oasis Club and had consumed a total of five beers.

*Attorney General Robert Morgan by Associate Attorney William A. Raney, Jr., for the State.*

*Charles K. McCotter, Jr., for the defendant.*

CARSON, Judge.

[1] The defendant contends that the trial court committed error in allowing the arresting officer to testify as to the results of the physical performance tests given to the defendant at the police station. Defendant says he was not advised of his right to refuse the tests and the officer should not have been allowed to administer the tests because no foundation was laid as to the qualifications of the patrolman to administer the coordination tests. The defendant contends that since these requirements must be satisfied before the breathalyzer can be given, they must also be satisfied before any performance tests can be given. These contentions are without merit. The privilege against incrimination relates only to testimonial or communicative acts and does not apply to tests such as balance tests. *Schmerber v. California,* 384 U.S. 757, 86 S.C. 1826, 16 L.Ed. 2d 908; *State v. Strickland,* 5 N.C. App. 338, 168 S.E. 2d 697 (1969), rev'd on other grounds, 276 N.C. 253, 173 S.E. 2d 129 (1970). The administering of the breathalyzer requires certain skills not possessed by the general public, *State v. Eubanks,* 283 N.C. 556, 196 S.E. 2d 706 (1973); *State v. Powell,* 10 N.C. App. 726, 179 S.E. 2d 785 (1971); while the administration of the balance tests can be done by anyone.

[2] On cross-examination of the defendant the solicitor asked him the following question, "The Oasis Club is a beer joint, isn't it?" The defendant contends that this question is extremely prejudicial. He alleges that it implies that a person who goes to the club goes there to drink beer and nothing else, and that the use of the word "joint" carries a connotation of unwholesomeness and immorality. He contends that these two implications together were designed to and did picture the defendant an "an immoral degenerate who was drinking beer." This contention is also without merit. Wide latitude is provided to the defense counsel and to the solicitor on cross-examination. *State v. Ross,* 275 N.C. 550, 169 S.E. 2d 875 (1969); *State v. Diaz,* 14 N.C. App. 730, 189 S.E. 2d 570 (1972). Clearly, the trial

court did not abuse its discretion in allowing this question to be asked the defendant.

Other assignments of error presented by the defendant have been considered carefully. We hold that they, also, lack merit and that the defendant received a fair and impartial trial.

No error.

Judges BRITT and HEDRICK concur.